STATE OF MISSOURI vs. AGUILA.

In an indictment under the 1st sec. of the 3rd article of the act concerning crimes and pun-
ishments, for setting fire to a dwelling house in which there was at the time a human being,
it is not necessary to name the person in the house at the time the firing was done. A
statement, in the words of the statute, that at the time the act was perpetrated there was
a human being in the house is sufficient.

# APPEAL from St. Louis Criminal Court.

### STATEMENT OF THE CASE.

The grand jurors of St. Louis county, at the last May term of the St. Louis criminal
court, to wit : On the 20th day of May, 1850, found and returned into court an indictment
against the defendant containing two counts.

The first count charges that the defendant on the first day of March, 1850, at St. Louis, in
St. Louis county, about the hour of 10 in the night time of said day, with force and arms at
the county aforesaid, unlawfully, maliciously and feloniously, did set fire to, and burn the
dwelling house of Thomas R. Harman, then and there situate, in which said dwelling house
there was then and there a human being, contrary, &c., said count being drawn up under the
1st § of art. 3d, crimes and punishments, p. 354.

The second count charges that said defendant, at the county, and at the time aforesaid, fe-
loniously, wilfully and maliciously, did attempt to set fire to and burn the dwelling house of
Thomas R. Harman, then and there situate, in which said dwelling house, then and there,
was a human being, and in such said attempt, and towards the commission of said offence, the
said defendant then and there, in and about and near to, and upon the walls and flood, and in
the cellar of said dwelling house, unlawfully, wilfully, maliciously and feloniously, did put
and deposit shavings, chips, faggots and other combustible matter and substance, and then and
there said defendant, in and upon, and about the said shavings, chips, faggots, and other com-
bustible matter and substance, unlawfully, wilfully, maliciously and feloniously did throw,
cast, put and deposit coals of fire, and fire brands, and fire, and then and there wilfully, un-
lawfully, maliciously and feloniously did set fire to and burn the said shavings, faggots, &c.
In the attempt and towards the commission of the offence of arson as aforesaid, but that said
attempt did fail, &c. The last count being drawn upon the count last aforesaid, and upon the
1st § on the same, page 408.

And afterwards, on the 15th day of July, 1850, defendant comes, and by his attorney, files
his motion to quash the said indictment, for the reason that the said indictment does not state
the name of any human being that was in the said dwelling house alleged to have been burnt,
or attempted to be burnt by defendant, and for uncertainty.

On the 24th of July, 1850, the court sustained the said motion, and quashed both counts, for
the reason that the name of the person alleged to have been in said dwelling house at the time
of the alleged arson, or attempted arson, does not appear in said counts. To which the State
then and there excepted, and brings the case into this court by appeal.

LACKLAND, for the State.

I. The first count follows the statute. What benefit could result to the defendant by naming
the person in said house at the time of the attempted arson ? As a general rule, it is sufficient
to charge an offence in the words of the statute. State vs. Baugher, 8 Blackf. 307; U. S. vs.

State of Missouri vs. Aguila.

Wilson & Porter, 1 Bald. 116, 117; U. S. Gooding, 12 Wheat. 474; U. S. vs. Lancaster, 2 McLean, 432; State vs. Duncan, 9 Porter Ala. 260; State vs. Mitchell, 6   o. 147; State vs. Helen & Thornhill, 6 Mo. 263.

II. The true test as to the question whether the counts in this indictment are baa, is whether a conviction upon the indictment could be plead in bar to a subsequent prosecutio; for the same offence. The true test whether an acquittal could be plead, is whether the evide 'ce necessary to support the second indictment would have been sufficient to procure a legal 'onviction upon the first. U. S. vs. Lancaster, 2 McLean, 439; Rex vs. Francis Clark, 1 Broad. & Bing. 473; Rex vs. Sheen, 2 Car. & Payne, 634; Rex Eviden. 6 East. 437.

III. There is no misjoinder of offences. The court erred in quashing the indictment for that reason.

Two or more distinct offences may be included in one indictment, in several counts, when the offences are of the same general nature with the same mode of trial, and the same punishment. Carlton vs. Com. 5 Met. 532, State vs. Preston, 1 Chever. 103.

IV. Offences of same character, though differing in degree, may be united in same indictment, and the prisoner tried on both at the same time, and convicted of one and not the other. Baker vs. State, 4 Pike. Ak. 56.

V. When there are different counts, charging offences of different grades of the same class, and connected with the same transaction, the court will not compel an election of counts, much less quash the indictment. U. S. vs. Dickinson, 2 McLean, 325.

It is not a misjoinder of offences in different counts in the same indictment, unless they belong to different families, or the judgment and punishment are inconsistent with each other. U. S. vs. Peterson, 1 W. & M. 305, Mass. U. S. Cir. Rep.

If there be two counts in one indictment for offences committed at the same time and place, and of the same class, but different in degree, as one for a revolt, and another for an attempt to excite it, the judgment will not be arrested, though a verdict of guilty is rendered in both. U. S. vs. Peterson, 1. W. & M. 305.

VI. An indictment which states the offence in the language of the statute, and so plainly that its nature may easily be understood, is sufficient. Com. [vs. State, 3 Kelly G. Rep, 417; U. S. An. Dig. 1848, p. 48, 223.

VII. Where in an indictment a statute offence is charged in the words of the enacting clause, it is all that the strictest rules of criminal pleading require. State vs. Williams, 2 Shobh. 474; U. S. An. Dig. 1848, p. 276.

VIII. If arson in any degree under our statute, or any attempt at such arson, come within the allegations contained in said indictment, then the court erred in quashing the same. 14 §
9 art. of Crim. Pun. p. 411; State vs. Shoemaker, 7 M. 180.

RYLAND, J., delivered the opinion of the court.

From the above statement, it will be seen, that the point for the adjudication of this court, arises from the action of the criminal court in quashing the indictment—for the omission of the circuit attorney to mention the name of the "human being" alleged to be in the dwelling house at the time that the defendant is charged to have committed the arson.

The indictment is drawn under the 1st sec. of the 3rd article of the criminal code of 1845, which declares "that every person who shall set fire to or burn, in the night time, any dwelling house in which there

shall be at the same time some human being, or who shall wilfully set fire to or burn, in the night time, any boat or vessel, in which there shall be at the time some human being, shall, upon conviction, be adjudged guilty of arson in the first degree."

The first count of the indictment is drawn under this section of the statute, and the only objection taken to this count, is the omission to mention the name of the "human being" in the indictment.

The defendant moved, by his counsel, to quash the indictment for this omission, which motion was sustained by the court—the indictment was quashed; thereupon the State brings the case here by appeal.

In my opinion there is no force in this objection—the identity of the human being is not in the least requisite to the validity of the indictment under the statute.

The offence was complete without even the seeing the human being, or even the knowing that one was in the house by the defendant. His knowledge of such human being is no ways essential. If there be a human being in the house at the time the same was set fire to, that is sufficient; and it matters not the least who that human being is—it may be a child not yet baptised or christened, and without a name;—the name of the human being, or the identity of the human being, has nothing to do with the offence.

In cases where the crime consists in an injury to the person or to the property of a person, there the name of such person becomes material; and the indictment must contain the name, or have an averment, that such person was unknown to the grand jury; and in general where it becomes a material circumstance and ingredient of the crime, that a third person must have something to do in the transaction, either actively or passively, there the name must be inserted.

In this case, the offence only requires that some human being should be in the dwelling house at the time; and the averment that some human being was at the time in the dwelling house, being in the words of the statute, is in my opinion sufficient.

This 1st section of the 3d article does not declare that a person guilty of "arson" shall suffer such a penalty; but declares that every person who shall set fire to a dwelling house, in the night time, in which there shall be a human being, shall be guilty, &c.

Here the facts which constitute arson in the 1st degree are set down and specified. An indictment then in the words in which the offence is created, is in general sufficient; and I see no reason to take the indictment out of the general rule.

In my opinion, then, the court below committed error in sustaining the defendant's motion to quash the indictment. The judgment below is therefore reversed, and this case is remanded.