## THE STATE v. JONES, Appellant.

### Division Two, January 9, 1903.

1. **Arson: DWELLING HOUSE: INDICTMENT.** It is not necessary for the information charging arson in the first degree to name the person or persons in the house at the time the crime was committed.

2. ———: ———: **PARTLY USED FOR OTHER PURPOSES: VARIANCE.** The evidence showed that a man and his wife were sleeping at the time of the fire, in the upper story of the building burned, and that they and some students used that as their dwelling, while the lower story

Vol 171 mo—26.

State v. Jones.

was used as a drug store. *Held,* that these facts authorize a charge of burning a dwelling house, and therefore, there was no variance between the proof and the information.

3. ——: ——: ERROR AT DEFENDANT'S REQUEST. The erroneous exclusion of evidence at the defendant's request does not afford him any ground of complaint. In this case the error was in excluding, on defendant's objection, on a trial for arson of a dwelling house, evidence that some students were sleeping therein at the time of the fire.

4. Confession: GROUNDS OF EXCLUSION: DURESS: THREATS: PROMISE OF DISCHARGE. Defendant made a written confession in which he charged that he was given twenty-five dollars by W. to burn W.'s house, and then on the same night to set fire to the house in question in order to distract attention; that he then stole a horse and rode to a town in another county, and was there arrested. At the trial he testified that he was induced by one who was not an officer, nor in charge of him, nor the one who had arrested him, to confess these matters by threats of a mob and a promise of discharge. This threat and promise were uncorroborated by any witness, whereas others who were present when he made a like confession to a justice say no such threats or promise were made. *Held,* that the confession was properly admitted in evidence.

5. ——: ——: DEFENDANT'S OWN STATEMENT ALONE. It does not follow simply because defendant swears that his confession was obtained by duress or promise of immunity that it should be excluded.

6. ——: ADMISSIBILITY: PRELIMINARY STEP. The approved practice when an objection is offered to admitting a confession in evidence as having been obtained by promise of clemency or extorted by fear of violence, is for the court to make a preliminary examination in the absence of the jury, of the circumstances under which the confession was made. But the defendant should have the full benefit of these circumstances before the jury, and the court should submit all the facts attending it along with the confession to them and require them to find whether in fact he made the confession voluntarily.

7. ——: ——: GROUNDS. Prima facie confession by a defendant is admissible in evidence, and to be inadmissible it must be made to an officer of the law in consequence of improper influences exerted by him, and if no threats of harm or promise of worldly advantage be made by such official, the confession is admissible.

8. Arson: EVIDENCE OF OTHER CRIMES. Evidence of other crimes is admissible where it tends to prove the one under investigation. So that where a defendant confesses that he burnt the house he is charged with burning, the court should also admit along with that the other part of the confession to the effect that he burned another house the same night as a part of the same scheme and took a horse from a stable in order to go to a town in another county.

State v. Jones.

Appeal from Miller Circuit Court.—*Hon. Jas. E. Hazell,* Judge.

AFFIRMED.

*J. G. Slate* for appellant.

*Edward C. Crow,* Attorney-General, for the State.

(1) The information is sufficient. State v. Aguila, 14 Mo. 130; State v. Hays, 78 Mo. 307; State v. Tucker, 84 Mo. 23. (2) The house mentioned in the evidence, a room of which was occupied by James P. Thompson, was a dwelling house within the meaning of the statute. State v. Jones, 160 Mo. 302. So the shed part of the house to which the fire was set was a part of the dwelling house. State v. Hutchinson, 111 Mo. 257. (3) So the crime in this case was complete, though a very small part of the building was consumed. 1 Am. and Eng. Ency. Law, 759, 760. (4) The trial court did not err in admitting evidence of the confessions, oral and written, of defendant. This case on this feature of it falls within the rule announced in two recent cases decided by this court: State v. Brennan, 164 Mo. 487; State v. Northway, 164 Mo. 513. There are several matters to be considered in connection with defendant's evidence that Son (who was absent and beyond the jurisdiction of the court) made the promise of immunity testified to by defendant: (a) It will be remembered that the testimony of Smith, deputy sheriff of Cole county, was that Son said in defendant's presence all he promised defendant was that "you fellows (meaning Cole county jailors) would give him a good bed." This statement was made in Son's presence and he, according to the evidence of deputy sheriff Smith, acquiesced in it, i. e., tacitly assented to its truth. (b) The testimony of the defendant to the effect that Son promised him immunity, as detailed by him, taking all the statements and the attending circumstances together, is improbable on its face and conflicts in many particulars with the evidence of other witnesses in the case. All these matters were for the trial judge to determine, he having the advantage of having the defend-

ant and the other witnesses before him, and thus the opportunity to observe their personal appearance and conduct and demeanor on the stand. It would seem to be the better practice to ascertain from the witness (being interrogated as to the alleged confessions) if they were voluntarily made, and, if his evidence so showed, to admit the proof of the confessions, leaving it to the defendant to testify to the contrary before the jury if he saw fit so to do; the ultimate determination of the value of the evidence being for the jury. Goody v. Ins. Co., 60 Mo. 126.

GANTT, P. J.—From a conviction of arson in Spring Garden, Miller county, Missouri, on the night of January 7, 1901, the defendant prosecutes this appeal. The prosecution is by information filed by the prosecuting attorney.

The defendant is not represented in this court and consequently we have been compelled to read the entire record to ascertain what errors he relies on for reversal. The information charges that ''at the county of Miller in this State on the 7th day of January, A. D. 1901, the defendant, Louis C. Jones, unlawfully, willfully, feloniously and maliciously did set fire to and burn a certain dwelling house of one James P. Thompson, there situate, in which said dwelling house there was then and there a human being; against the peace and dignity of the State.''

The information charges arson in the first degree as section 1871, Revised Statutes, 1899, provides that: ''Every person who shall willfully set fire to or burn any dwelling house in which there shall be at the time some human being . . . shall upon conviction be adjudged guilty of arson in the first degree.'' It was not necessary to name in the information the person or persons who were in the house at the time the crime was committed. [State v. Aguila, 14 Mo. 130; State v. Hayes, 78 Mo. loc. cit. 313.]

The testimony established that the second or upstairs story of the dwelling house which defendant was

State v. Jones.

charged with burning, was occupied by James P. Thompson and wife as their dwelling, and also by some students, and a portion of the lower rooms by Dr. Devilbiss as a drugstore, and was situated at the village of Spring Garden in Miller county. The fact that the lower part was devoted to the drug business and only the upper portion was occupied as a dwelling house, did not constitute a variance or failure of proof. As it appeared that a portion of the same building was occupied as a dwelling house and that at the time the offense was committed Thompson and his wife were sleeping therein, it fell clearly within the letter and meaning of the law although a part was used for the drugstore. [State v. Jones, 106 Mo. loc. cit. 310; People v. Orcutt, 1 Parker's Crim. Rep. 252.]

The trial court excluded evidence that the students also were in the house at the time defendant set fire to it, and in this erred, but as it was at the request of defendant it does not of course afford him any ground for complaint.

II. The defendant made a written confession, and also testified on the preliminary trial of one A. P. Wadley, who was jointly charged with the offense, wherein he confessed that, at the instigation of Wadley and for the promise of twenty-five dollars, he set fire to Wadley's house on the same night, and then fired the Thompson residence to distract attention. After setting both houses afire he fled, took Mr. Hodge's horse from Lumpkin's stable, and rode it to within two miles of Jefferson City, and abandoned it, and walked into the city, where he was arrested next evening by the constable, Mr. Al. Smith. Defendant sought to exclude these confessions and admissions, but after a most patient preliminary examination in the absence of the jury the circuit court admitted them, and its ruling was clearly right.

Outside of defendant's uncorroborated evidence that he was induced by Mr. Son to make the confession by threats of a mob, and a promise of discharge if he would make it, the testimony showed his confession was

entirely voluntary.  Son was not the officer in charge
of him, nor present when he confessed before Justice
Winston.   Constable Smith, Sheriff Henderson and the
justice all concur in testifying that no immunity was
promised defendant to induce him to confess and it has
never been ruled that merely because the defendant
concluded to swear that his confession was obtained by
duress or promise of immunity the   confession   must
be excluded.   Prima facie the confessions and admis-
sions were admissible, and unless they were shown to
have been obtained by promises of clemency or extorted
by fear of violence from a mob, they should have been
received in evidence.   [State v. Patterson, 73 Mo. 695,
and cases cited.]   The trial court pursued the approved
course in making a preliminary investigation of the
circumstances in which the confession was made before
permitting it to go to the jury.   At the time defendant
testifies that Son made the promises of leniency to him,
Son was not in charge of him as an officer.   Son had
not arrested him.   He had been apprehended by Con-
stable Smith, and was in Smith's charge, and Smith
and defendant agree that neither Smith nor Henderson,
the sheriff of Cole county, made any promises to him.

It was ruled in State v. Patterson, 73 Mo. 695, that
it is now the settled law that a confession to be inadmis-
sible must be made to an officer of the law in conse-
quence of improper influences exerted by him and if
no threats of harm or promise of worldly advantage be
made by such official, or by the master of the accused
when directly concerned, the confession is admissible.
It was moreover fully established that the justice of
the peace, on Wadley's preliminary trial, advised de-
fendant of his right not to testify to anything that would
incriminate him, and Wadley's counsel also advised him
to that effect, and he said he understood that, and yet
testified that he set fire to the two houses.

The fact that defendant testified he made the con-
fession under a promise of discharge or through fear
of a mob did not overcome the prima facie case and the

testimony of the officers. He had the full benefit of his evidence before the jury.

The court properly required that all the circumstances attending the confession should be proven to the jury, and then submitted the confession along with all these facts to the jury, and required them to find whether the defendant in fact made the confession voluntarily. [State v. Brennan, 164 Mo. 487; State v. McKenzie, 144 Mo. 40; State v. Patterson, 73 Mo. 695.] The confession established defendant's guilt beyond all question and was corroborated.

The court, however, should have permitted the confession of defendant that he burned Wadley's house that same night as a part of the same scheme and also that he took Hodge's horse. Evidence of other crimes is admissible where it tends to prove the one under investigation. This is now well-established law. [People v. Jones, 123 Cal. 65; 3 Cyclopedia Law and Pro., 1007, and cases cited.]

The court gave an exceedingly liberal set of instructions in behalf of defendant, both as to the confessions and alibi. The prosecuting attorney's remarks were not out of the record. The evidence was ample to justify the verdict and no error appearing, the judgment is affirmed. All concur.