CHAS. STUEBLE v. STATE.
No. A-1382.    Opinion Filed May 9, 1912.
Appeal from Custer County Court;
J. C. McKnight, Judge.

Chas. Stueble was convicted of a violation of the prohibition law, and appeals. Affirmed.

Webster & Lackey, for plaintiff in error.

Chas. West, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted of a violation of the prohibition law and was, on July 29, 1911, sentenced to serve a term of ninety days in the county jail and to pay a fine of one hundred and fifty dollars, and in the default of the payment of said fine the same to be satisfied by further confinement as by law provided. An appeal was taken by filing in this court, September 15, 1911, a petition in error and partial transcript containing certified copies of the information, the verdict, judgment and sentence and a copy of the page of the appearance docket. Two assignments of error are presented in the brief. First, that the court was without jurisdiction to try the case in that the defendant was not brought to trial at the next term of the court in which the information was triable after it was presented, and second, that the verdict does not give the court authority to render judgment for imprisonment for failure to pay the fine. The first question presented cannot be reviewed upon the record before us for the reason that application for continuance and the rulings thereon do not constitute a part of the record proper which can be brought to this court for review by transcript. The other assignment is without merit. Section 6917 (Comp. Laws 1909) of Procedure Criminal provides:

"A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every two dollars of the fine."

This provision leaves it discretionary with the trial court to adjudge imprisonment for nonpayment of the fine, not to exceed one day for each two dollars thereof. Where the judgment and sentence does not so recite, then the fine can only be collected as a money judgment rendered in a civil action.

The appeal being without merit, the judgment of the county court of Custer county is affirmed.