EDWARD HEMBREE v. STATE.

No. A-2749. Opinion Filed January 18, 1919.

(177 Pac. 385.)

1. **APPEAL AND ERROR—Transcript of Record—Review.** Mixed questions of law and fact, involving rulings of the trial court on the admissibility of evidence and failure of the trial court to fully instruct on the law applicable to the evidence, can only be presented for review on appeal by incorporating the same into a bill of exceptions or case-made. Such questions are not presented for review on appeal by transcript of the record alone.

2. **SAME—Record—Continuance.** An application for continuance and the rulings thereon do not constitute a part of the record proper which can be brought to this court for review by transcript.

3. **SAME—Appeal in Felony Case—Review.** Where the appeal in felony cases is by transcript of the record alone, this court will carefully review such transcript for any reversible error properly raised by such an appeal, this though the alleged errors presented may be such only as are required by statute to be incorporated in a bill of exceptions or case-made.

*Appeal from District Court, Pushmataha County;*
*C. E. Dudley, Judge.*

Edward Hembree was convicted of murder, and appeals. Affirmed.

*S. E. Welch, Baxter Taylor,* and *Pruiett & Sniggs,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. Edward Hembree was informed against in the district court of Pushmataha county by information

filed on the 18th day of October, 1915, which jointly charged the said Hembree and one Earl Everidge and one Floyd Aikins with the murder on the 16th day of September, 1915, in said county, of one P. H. Hearn. Upon application, a severance was granted this defendant, and in the month of November, 1915, he was separately tried and convicted of murder, and his punishment fixed at imprisonment in the penitentiary for life.

From this judgment of conviction, he has appealed to this court, and the appeal is brought to this court on a transcript of the record alone. No case-made is attached to or made a part of the record in this court.

Under section 5960, Rev. Laws 1910, the transcript of the record is composed only of the following papers:

"First, the indictment and a copy of the minutes of the plea or demurrer; second, a copy of the minutes of the trial; third, the charges given or refused, and the indorsements, if any, thereon; and, fourth, a copy of the judgment." *Day v. State,* 7 Okla. Cr. 276, 123 Pac. 436.

The first assignment of error relied upon for a reversal of this judgment is that the trial court erroneously admitted, without giving a proper instruction to the jury, a purported confession of the defendant. In this connection, it is contended that it was the duty of the trial judge to instruct upon every phase of the law applicable to the issues in the case; that the evidence was conflicting as to whether or not the purported confession was voluntarily made, therefore it became necessary for the trial court to instruct the jury on the law applicable to the admissibility of confessions made by the defendant.

It is apparent from the statement of this proposition that in order for this court to pass intelligently upon the question of the admissibility of the purported confession of

the defendant, and also upon the question of whether or not the trial court should have instructed the jury on the law applicable thereto, it would be necessary for this court to have before it the evidence heard by the trial court relative to the circumstances under which the confession was made. In the case of *Berry v. State,* 4 Okla. Cr. 207, 111 Pac. 676, 31 L. R. A. (N. S.) 849, it was said:

"Primarily there are two facts which render a confession inadmissible: First, that it was obtained under any form of compulsion so that to receive it in evidence would violate the defendant's constitutional privilege against self-incrimination; and, second, that it was made under such circumstances of hope or fear as to create a fair probability of its testimonial untrustworthiness. And while the greater number of cases hold the contrary, yet we think the proper rule is that, in the absence of a statute governing the matter, *prima facie* any confession is admissible in evidence; and, where its admissibility is challenged by the defendant, the burden is on him to show that it was procured by such means or under such circumstances as to bring it within one or the other of the conditions stated, unless there is something in the confession itself or the other evidence on the part of the state which shows that it is inadmissible. This was so held in *Hauk v. State,* 148 Ind. 238, 46 N. E. 127, 47 N. E. 465; *State v. Grover,* 96 Me. 363, 52 Atl. 757; *Com. v. Sego,* 125 Mass. 213; *Com. v. Culver,* 126 Mass. 464; *Rufer v. State,* 25 Ohio St. 469; *State v. Meyers,* 99 Mo. 107, 12 S. W. 516; *State v. Storms,* 113 Iowa, 385, 85 N. W. 610, 86 Am. St. Rep. 380; *State v. Icenbice,* 126 Iowa, 16, 101 N. W. 273; *People v. Barker,* 60 Mich. 277, 27 N. W. 539, 1 Am. St. Rep. 501; *State v. Jones,* 171 Mo. 401, 71 S. W. 680, 94 Am. St. Rep. 786."

The burden is upon plaintiff in error to show, either that the confession was obtained by duress or compulsion, or else that it was made under promise of hope or by reason of fear, in order to create a probability of its testimonial untrustworthiness.

While there has been incorporated in this transcript a purported copy of a written confession made by the defendant in this case, it forms no part of the clerk's transcript, and may not be considered by the court where the appeal is by transcript alone. It is sufficient to state, however, that nothing appears upon the face of this alleged written confession which would render it in any way inadmissible as evidence against the defendant.

Also in considering the question as to whether or not the court should have given to the jury an instruction covering the question of the admissibility of a purported confession by the defendant, it would be necessary to have before us the evidence relative, as heretofore stated, to the circumstances under which the confession was made. As this evidence is not before the court, we are not at liberty to decide any question which involves an application of the law of the case to the facts. *Rhea v. U. S.*, 6 Okla. 249, 50 Pac. 992.

Another assignment of error urged as grounds for reversal is the failure of the trial court to grant the application of the defendant for a continuance on account of the absence of witnesses in his behalf. The clerk's minutes show that an application for a continuance was presented and overruled by the court. The application itself, not being a part of the record on appeal by transcript, is therefore not before the court for consideration. *Stueble v. State*, 7 Okla. Cr. 728, 123 Pac. 1134. We are not at liberty to say, therefore, that there was any abuse of discretion on the part of the trial court in overruling this application.

This being a conviction for murder, in which the liberty of the defendant has been taken from him for the term of his natural life, the court has carefully scrutinized

the record, and the conclusion is reached that there are no reversible errors contained therein. The information clearly contains a sufficient charge of murder, the minutes of the trial show the proceedings to have been regular in every respect, and the court's instructions apparently cover the law and are correct. The judgment of the court is in conformity with the information and the charge.

No showing is made to this court why the appeal was not taken by case-made as well as by transcript, and it is to be regretted in a case of this importance to the defendant that the questions raised were not presented on appeal by case-made. Had the defendant been a poor person, he was entitled to have the transcript of the evidence made at the expense of the county; had he been financially able to pay for the same and could not obtain such transcript within the six months allowed for the appealing of felony cases, he could have filed a transcript of the record and partial case-made, with petition in error in this court within that time, and thereafter applied for permission to attach a complete case-made as an exhibit thereto. *Lyons v. State,* 6 Okla. Cr. 581, 120 Pac. 665.

This court has been ever zealous to protect the constitutional and statutory rights of a person convicted of crime, and to give to his appeal the fullest consideration permitted by law. We have done that in this case. No reversible error is presented by the appeal taken, and the judgment must be affirmed. It is so ordered.

DOYLE, P. J., and ARMSTRONG, J., concur.