## DICK DRIGGERS v. STATE.

No. A-6848.   Opinion Filed Oct. 26, 1929.
Rehearing Denied Nov. 16, 1929.
(281 Pac. 982.)

Ray & Thomas, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Comanche county on a charge of having unlawful possession of a still, and his punishment fixed at a fine of $350 and to be confined in the county jail for a period of 180 days.

The defendant complains, first, that the information was insufficient to charge an offense. Defendant was informed against under section 2, chapter 42, Session Laws 1923-24, which reads as follows:

"It shall be unlawful for any person to keep, or have in his possession, or knowingly permit any other person to keep, or have in possession upon any premises under the ownership or control of such first party, any still worm or still, without that he first register the same with a proper United States officer and obtain from said officer a certificate of said registration and that he also first file said certificate of registration or a certified copy thereof with the county clerk of the county in which said worm or still is located, and it shall be unlawful for any person to set up to be used as a distillery a still worm or substitute therefor, whether kettle, washpot, metal tank or any other vessel of any kind, whether for the purpose of using same, or which after being set up, may be used for the manufacture, production or fermentation of distilled spirits, or liquor, the sale, barter or giving away of which is prohibited by the laws of the state of Oklahoma. It is the duty of each county clerk in Oklahoma to file said registration certificate or certified copy thereof upon the presentation of the same in the same manner and for the same fees as chattel mortgages."

Under this act the state might elect to prosecute for the possession of any still worm or still without having registered the same as required by the act, or it might prosecute for setting up, to be used as a distillery, a still worm or substitute therefor which, after being set up,

may be used for the manufacture, production, or fermentation of distilled spirits or liquor without registering the same as required by the act.

The state elected to prosecute the defendant for the possession of a still without having registered the same. The information was sufficient to charge the offense, and it was not necessary to allege that the still worm or still was capable of being used for the manufacture of intoxicating liquor.

The defendant next contends that the court erred in overruling his application for a continuance. The ground set up for such continuance was that the defendant had been shot in the hand on the 20th day of August. The cause was called for trial on the 13th day of September. The trial court held the showing insufficient to require a continuance of the case. The granting of a continuance is within the sound discretion of the trial court, and the action of the trial court in overruling an application for a continuance is not ground for a reversal of the case, unless it appears from the record that the trial court abused its discretion in refusing to grant the continuance. Worley v. State, 42 Okla. Cr. 243, 275 Pac. 398.

There is nothing in the record to indicate an abuse of discretion on the part of the trial court in refusing to grant the continuance. The evidence offered by the state was such that no honest jury could have returned any verdict except guilty.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.