## C. G. LESTER v. STATE.

No. A-7254. Opinion Filed April 19, 1930.
(287 Pac. 758.)

Chapman & Chapman, for plaintiff in error.

The Attorney General and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Pottawatomie county on a charge of robbery with firearms and his punishment fixed at imprisonment for twenty years in the state penitentiary.

The defendant argues but two questions in his brief: First, that the court erred in refusing to give the defendant sufficient time to prepare his defense. The record discloses that the defendant was arraigned on the 18th day of June, 1928, at which time he waived time to plead and entered a plea of not guilty, and the state served upon him a copy of the information and a list of the state's witnesses, and thereupon the court set the case for trial on the 25th day of June, 1928. The defendant was personally

present and represented by his counsel, Frank Crouch and Hugh Bland, and made no objection to the setting of the case for trial and apparently agreed to the same.

The defendant contends that seven days was insufficient time to prepare, and that he was thus deprived of a substantial right by the arbitrary rule of the court fixing the time of trial. To support this contention defendant cites Westbrook v. State, 14 Okla. Cr. 423, 172 Pac. 464, 469, in which this court says in the body of the opinion:

"It is the right of every person accused of crime to have a fair trial and compulsory process to compel the attendance of his witnesses, and this involves as a matter of course the time reasonably necessary to prepare for trial. The statute prescribes that civil cases in the district court shall not stand for trial until ten days after the issues are made up and no felony case should be set over the objection of the defendant within ten days after his plea is entered."

To the same effect is Noel v. State, 17 Okla. Cr. 309, 188 Pac. 688. In civil cases the statute provides that the case shall stand for trial ten days after the issues are joined, but there is no time fixed by statute which must intervene before trial in a criminal case can be had; such time being left largely to the discretion of the trial court, subject only to the control of this court where such discretion is abused. Ordinarily no felony case should be set for trial less than ten days after the plea, but in cases like the one at bar, where the case is set for trial less than ten days after the plea without objection on the part of the defendant, the cause will not be reversed for such reason unless from the whole record it affirmatively appears that the defendant was deprived of a substantial right to his detriment. Under the facts disclosed by this record, the court did not err in setting the case for trial seven days after arraignment and plea.

The defendant next contends that the court erred in overruling his application for a continuance on account of the absence of material witnesses. When the case was called for trial on the 25th day of June, a severance was demanded and granted by the court. Thereupon the state elected to try this defendant first. In the meantime and on the 22d day of June, 1928, the defendant had had subpoenas issued for certain witnesses. When the case was called for trial the defendant filed his motion for a continuance and supported the same by his affidavit. This affidavit was insufficient for the reason that affiant failed to state that he believed the evidence to be true as provided in section 584, C. O. S. 1921. It was insufficient for the further reason that the application does not show any probability for securing the attendance of said witnesses at any future time to which the case might be continued. Hill v. State, 19 Okla. Cr. 406, 200 Pac. 253; Vineyard v. State, 22 Okla. Cr. 76, 209 Pac. 783; Hunter v. State, 23 Okla. Cr. 125, 212 Pac. 1014.

To reverse the judgment of conviction in this case on the facts which are so clearly established as to be beyond controversy would be not only to delay justice but give no force to the statute which prescribes that such judgments may be reversed only when upon the whole record the court is satisfied that the substantial rights of the defendant have been prejudiced. If the guilt of the defendant was in any way left in doubt, or if it appeared from the record that the defendant was prejudiced by the setting of his case for trial seven days after his plea, or by the overruling of his application for a continuance, it would be our duty to give him a new trial; but since the evidence in the case clearly establishes the guilt of defendant, and since it does not affirmatively appear that the defendant was deprived of a substantial right by the over-

ruling of his application for a continuance, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.