## WADE CASEY v. STATE.

No. A-7325.  Opinion Filed June 5, 1930.
Rehearing Denied June 28, 1930.
(289 Pac. 363.)

98

C. H. Glazner and Claude A. Niles, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of McIntosh county of having possession of a still, and his punishment fixed at a fine of $50 and confinement in the county jail for period of 30 days.

The charging part of the information reads as follows:

" * * * That Wiley Duke, Homer Duke and Wade Casey, did, in McIntosh county and state of Oklahoma on or about the ninth day of April, 1928, and anterior to the filing hereof, commit the crime of violating the prohibitory liquor laws of the state of Oklahoma in the manner and form as follows, to wit: 'That the said Wiley Duke, Homer Duke and Wade Casey on the day and year aforesaid in the county and state aforesaid, did willfully, wrongfully and unlawfully have in their possession and under their control one complete copper still and still worm, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The defendant contends first that this information is insufficient to charge an offense in that it does not charge the purpose for which the defendant had posses sion of such still. This prosecution was had under section 2 chapter 42, Session Laws, 1923-24, which reads as follows:

"It shall be unlawful for any person to keep, or have in his possession, or knowingly permit any other person to keep, or have in possession upon any premises under the ownership or control of such first party, any still worm or still, without that he first register the same with a proper United States officer and obtain from said

officer a certificate of said registration and that he also first file said certificate of registration or a certified copy thereof with the county clerk of the county in which said worm or still is located. * * *"

Under this section it was not necessary for the state to allege the purpose for which the defendant possessed the still nor the use to which it might be put. The defendant cites the case of Batson v. State, 43 Okla. Cr. 298, 278 Pac. 359, as authority for holding the information in the case at bar insufficient. In the Batson Case the defendant was charged with the possession of a substitute for a still, which was capable of being used for the manufacture and production of distilled liquors and spirits. This court said in that case that, since the state alleged that the apparatus was a substitute for a still and was capable of being used for the manufacture of intoxicating liquors, they were bound to prove the allegations in the information, but the case at bar presents a different question. Where the defendant is charged with the possession of a still contrary to the statutes of the state, this allegation is sufficient to advise the defendant of the charge, and it was sufficient for the state to prove possession by the defendant without proving the purpose for which it was possessed, or the use to which it might be put, since section 2, c. 42, supra, makes the possession of a still the gist of the offense.

The defendant next contends that the evidence is insufficient to support the verdict. Three officers testified that about one-fourth mile from the residence of defendant they found one-third of a barrel of whisky-beer and a furnace, and about 100 yards south from where this was they found a worm, boiler, and connections, and also found a half-gallon of whisky; that the furnace and beer were found along a little branch in the timber and the

still was found in some brush; that a trail led down from Casey's house to where the still had been in operation. The state charged Wiley Duke, Homer Duke, and Wade Casey with the possession of the still, and proved that the premises were in the possession of defendant, Wiley Duke, and Wade Casey. Defendant is a son-in-law of Wiley Duke. Duke denied that he knew anything about the still or liquor, but admitted that he saw a barrel on the Wade Casey land. Casey admitted that he had seen the barrel in his pasture, but denied that he possessed the still. The evidence of the state is positive as to finding the still on premises controlled by the defendants, Wiley Duke and Wade Casey. This was sufficient to make a prima facie case. The jury were not bound to believe the evidence of the defendant and evidently did not do so. The evidence being sufficient to sustain the verdict, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.