## W. H. McCARTY v. STATE.

No. A-7671.   Opinion Filed Feb. 7, 1931.
(296 Pac. 521.)

Walter Mathews, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Payne county upon a charge of possession of a still for the purpose of manufacturing whisky, and his punishment fixed by the jury at a fine of $150 and imprisonment in the county jail for a period of 60 days.

The defendant has appealed by transcript. The charging part of the information is as follows:

"One Bill McCarty then and there being, did then and there willfully and unlawfully possess a still, and still worm, in the state of Oklahoma, for the purpose of manufacturing distilled liquor, to wit: whisky, the sale, barter, giving away and otherwise furnishing of which is prohibited by the laws of the state of Oklahoma."

To this information defendant entered his plea of guilty, and thereafter, by permission of court, withdrew such plea and filed his demurrer to the information, alleging that such information charges more than one offense, that the act charged is not stated with a sufficient degree of certainty, and that the facts do not constitute a public offense.

This demurrer was overruled, and defendant thereupon entered his plea of not guilty, and trial was had to a jury, which jury, under the instructions of the court, found the defendant guilty.

Defendant contends, first, that the information is insufficient to charge an offense.

Section 2, ch. 42, Session Laws 1923-24, provides:

"It shall be unlawful for any person to keep, or have in his possession, or knowingly permit any other person to keep, or have in possession upon any premises under the ownership or control of such first party, any still worm or still without that he first register the same with a proper United States officer and obtain from said officer a certificate of said registration and that he also first file said certificate of registration or a certified copy thereof with the county clerk of the county in which said worm or still is located, and it shall be unlawful for any person to set up to be used as a distillery, a still worm or substitute therefor, whether kettle, washpot, metal tank or any other vessel of any kind, whether for the purpose of using same, or which after being set up, may be used for the manufacture, production or fermentation of distilled spirits, or liquor, the sale, barter or giving away of which is pro-

hibited by the laws of the state of Oklahoma. It is the duty of each county clerk in Oklahoma to file said registration certificates or certified copy thereof upon the presentation of the same in the same manner and for the same fees as chattel mortgages."

It is not necessary for the state to allege in the information that the still worm or still had not been registered as required by law. It is for the defendant to show, if he can, that he had legal authority to possess and operate the still.

It was not error for the trial court to overrule the defendant's demurrer to the information.

Defendant next complains of instruction No. 2, wherein the trial court quoted from sections 2 and 3 of chapter 42, supra, and there advised the jury that it was unlawful to possess a still without having filed a certificate of registration with the county clerk, for the purpose, or which might be used in the manufacture of distilled spirits or liquors prohibited by such sections.

The information charges the defendant with the unlawful possession of a still for the purpose of manufacturing whisky. The verdict of the jury is as follows:

"We, the jury duly empaneled and sworn to well and truly try the issues in the above entitled cause, do upon our oaths find the defendant, W. H. McCarty, guilty of possession of a still and worm as charged in the information, and fix and assess his punishment at a fine of $150 and imprisonment in the county jail for a period of 60 days."

The instruction complained of evidently did not mislead the jury, since their verdict is in conformity with the charge in the information.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.