FLOYD LIKES v. STATE.

No. A-8465.   June 23, 1933.
(23 Pac. [2d] 394.)

Corn & Corn, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Dewey county of a second and subsequent violation of the liquor law, and was sentenced to pay a fine of $50 and to serve one year in the penitentiary.   The information in substance charges defendant was convicted in May, 1931, in the county court of Dewey county, that judgment was entered and became final, and thereafter, in February, 1932, as a second and subsequent violation of the prohibitory liquor law, he had in his possession a copper still and still worm.

The law prohibiting possession of a still or still worm is section 2, c. 26, S. L. 1913 (section 6991, C. O. S. 1921), (section 2632, Okla. Stat. 1931), and is: "For the second and all subsequent convictions for the violation of any of the provisions of this act, the penalty shall be a fine of not less than fifty ($50.00) dollars, nor more than two thousand ($2,000.00) dollars, and by imprisonment of not less than thirty (30) days in the county jail, nor more than five (5) years in the state penitentiary, * * *" which section is amendatory of section 16, c. 70, S. L. 1910-11. This latter act was held unconstitutional in so far as the minimum punishment fixed by it was greater than that fixed by the Constitution. See Ex parte Smith, 24 Okla. Cr. 415, 218 Pac. 708; Hildebrandt v. State, 19 Okla. Cr. 30, 197 Pac. 852. See, also, Nowakowski v. State, 6 Okla. Cr. 123, 116 Pac. 351.

The argument is made that, since section 6991, defining the second violation as a felony and fixing an increased maximum punishment, provides that to constitute an offense the second violation must be "of the provisions of this act," the having possession of a still, enacted in 1913, is not a part of "this act," and is not an offense. If the statute making it an offense to have the possession of a still or still worm, and the provisions of section 6991, supra, were the only provisions of law applicable, a more difficult question would be presented.

By the enactment of chapter 70, S. L. 1910-11, the Legislature evidently intended to provide an enlarged punishment for any second violation of the prohibitory liquor laws, whether the same were enacted prior or subsequent to the enactment of chapter 70. This may be gathered from the title to said act, which discloses such purpose and by the terms of sections 18 and 19 (sections

6993 and 6994, C. O. S. 1921). The latter section is as follows:

"Wherever the words 'this act' appear in any of the laws of this state enacted for the suppression of the liquor traffic, commonly called prohibition laws, they shall be construed to mean and include all such prohibition laws of this state." See in this connection Jones v. State, 9 Okla. Cr. 646, 133 Pac. 249, 48 L. R. A. (N. S.) 204; Dunbar v. State, 15 Okla. Cr. 513, 178 Pac. 699.

It is also argued that the information is insufficient, in that it does not allege the still and still worm were possessed by defendant to make intoxicating liquor or could be so used, or that it had not been registered with the proper United States officer, and certificate of registration filed. This court has decided this point adversely to defendant's contention. Casey v. State, 48 Okla. Cr. 97, 289 Pac. 363; McCarty v. State, 50 Okla. Cr. 80, 296 Pac. 521; Driggers v. State, 45 Okla. Cr. 200, 281 Pac. 982.

Finally, it is argued the court erred in requiring defendant to go to trial over his objections, in less than 10 days after a plea of not guilty, basing the contention on section 582, C. O. S. 1921. The information was filed March 8, and on March 25 the county attorney served notice on defendant's attorney he would ask to have the case set for trial May 2. On that date defendant demurred to the information, which was overruled; defendant then moved to strike the case from the assignment for the reason he had not had 10 days in which to prepare for trial. The following occurred:

"By the Court: And the court states that the defendant's counsel was notified more than 10 days prior to the date of arraignment that the case would be called for trial at this time and the court now announces that if

counsel for the defense desires to prepare a motion for continuance on the ground of absent evidence which he has been unable to procure by reason of lack of time, the court will allow him time to prepare same and will hear same, otherwise the objection to going to trial will be overruled. By Mr. Corn: Please note the exception of the defendant. By the Court: Have you any other ground for continuance? By Mr. Corn: Otherwise the defendant is ready for trial."

Section 582, C. O. S. 1921, is a part of the Civil Code of Procedure, and is not applicable to criminal procedure. A defendant in a criminal case is entitled to a reasonable time to prepare for trial; the time allowed for trial after plea is largely discretionary. What is a reasonable time depends on the facts and circumstances in each case. What might be a reasonable time to prepare for trial in one case might be wholly inadequate in another. The facts in the instant case fail to show an abuse of discretion. The dictum in the case of Westbrook v. State, 14 Okla. Cr. 423, on page 438, 172 Pac. 464, does not support the contention here made, for there, although a death penalty case, the trial within a ten-day period was held not ground for reversal. See, also, Hogan v. State, 42 Okla. Cr. 188, 275 Pac. 355; Lester v. State, 47 Okla. Cr. 156, 287 Pac. 758.

From the whole record we are satisfied defendant had a fair trial. No reason to disturb the judgment is made to appear.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.