ARLEY WARD et al. v. STATE.

No. A-8770.   Dec. 7, 1934.
(38 Pac. [2d] 582.)

Homer H. Bishop and H. H. Edwards, for plaintiffs in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.  The plaintiffs in error, hereinafter referred to as the defendants, were informed against in the district court of Murray county, were tried and convicted of robbery with firearms, and sentenced to serve 25 years each in the state penitentiary.

From this judgment of conviction, the defendants have appealed to this court, and the appeal is brought to this court on a transcript of the record alone.  No case made is attached or made a part of the record in this court.

Under section 3146, O. S. 1931, a transcript of the record is composed only of the following papers: First, the indictment and a copy of the minutes of the plea or demurrer; second, a copy of the minutes of the trial; third, the charges given or refused, and the indorsements, if any, thereon; and fourth, a copy of the judgment.

The second assignment urged by the defendants is, that the court erred in overruling their demurrer to the information.  This assignment is the only question presented by the petition in error in this case which this court can properly review on the transcript of the record, as the action of the court in the overruling or sustaining of the demurrer is made a part of the record by the statute. The defendants in their brief have not presented any argument on the question that the court erred in overruling their demurrer to the information.  This court has carefully examined the information and finds that it states facts clearly and sufficiently to advise the defendants of the charge against them, and to enable them to properly prepare their defense.  The court did not err in overruling the demurrer of the defendants.

The defendants in their brief have presented an argument in support of their contention that the court erred in overruling their motion for a continuance.  The min-

318

utes of the clerk incorporated in the transcript of the record show that a motion for a continuance was presented by the defendants and overruled by the court. The motion for a continuance is not a part of the record on appeal by transcript, and therefore is not before this court for consideration. Stueble v. State, 7 Okla. Cr. 728, 123 Pac. 1134; Hembree v. State, 15 Okla. Cr. 422, 177 Pac. 385; Likes v. State, 54 Okla. Cr. 444, 23 Pac. (2d) 394.

The defendants, in their petition in error, have set forth several assignments, but in view of the fact that this is an appeal by transcript, they are not properly before this court for review. This court has always tried to protect the constitutional and statutory rights of persons convicted of crime, and to give to their appeal the fullest consideration permitted by law. The court has considered all the questions presented by this appeal by transcript. No reversible error is presented. The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.