### No. 9932.

### THE STATE OF LOUISIANA VS. GEORGE C. AND LUCIUS E. TISDALE.

Under sections 1049 and 1052 and others of the Revised Statutes, which are similar to the Victoria Statute of England on the same subject, the common law requirements as to the framing of indictments have been relaxed; and it is sufficient to charge the crime in the words of the statute, without setting out the particular acts constituting the special offense charged in the indictment. State vs. McGrau, 37 Ann. 292.

APPEAL from the Twenty-seventh District Court, Parish of Richland. *Williams*, J.

---

*M. J. Cunningham*, Attorney General, and *P. H. Toler*, District Attorney, for the State, Appellant.

*E. O. Montgomery* for Defendant and Appellee.

---

The opinion of the Court was delivered by

FENNER, J. The indictment charges that accused "did feloniously procure to be falsely made a promissory note," (minutely describing the note), and feloniously did publish as true said promissory note,

* * * knowing the same to be false, with intent to defraud Yale & Bowling."

Accused moved to quash the indictment "for the reason that no offense denounced by the laws of Louisiana is set forth therein, * * * said indictment fails to allege and specify wherein the note was falsely made, it not being alleged that defendants forged the signature to the note, or that they forged or altered any material part of said note, or that it purported to be a counterfeit or imitation of anything. That there is no allegation of an intent to defraud any person or body politic or corporate. That the charge against them is not set forth with the precision and clearness required by law to enable them to make their defense."

From a judgment sustaining this motion, quashing the indictment, and discharging accused, the State prosecutes this appeal.

In the absence of any reasons assigned by the judge *a quo* in support of his ruling, and of any argument or brief from counsel for accused, we are left to form our conclusions on the face of the indictment and motion to quash.

Section 833, Revised Statutes declares: "Whoever shall forge or conterfeit, *or* falsely make or alter, *or* shall procure to be falsely made, altered, forged or counterfeited * * any prommissory note * * or shall alter *or* publish as true, any such false, altered, forged or counterfeited promissory note * * knowing the same to be false, altered, etc., with intent to injure or defraud any person * * on conviction shall be punished, etc."

In what particular the indictment herein, which follows the words of the statute, is defective, we are at a loss to perceive. The offense charged is distinctly denounced in the statute; the promissory note is described with needless particularity; the intention to defraud particular named persons is set forth; and we find nothing in the motion to quash left unanswered by the indictment itself, except the objection that it "fails to allege and specify wherein the note was falsely made, it not being alleged that defendant forged the signature to the note, or that they forged or altered any material part of the note, or that it purported to be a counterfeit or imitation of anything."

We had occasion, in a recent case, to consider objections of this kind urged to an indictment for forgery, and we then held that, under secs. 1049 and 1052 and others of our Revised Statutes, which are similar to the Victoria Statute of England on the same subject, the common law requirements as to the framing of indictments have been relaxed, and that it is sufficient to charge the crime in the words

of the statute, without setting out the particular acts constituting the special offense charged in the indictment. State vs. McGran, 37 Ann. 292.

The same rule applies in this case, and, as we then said, it was not necessary to "charge in what respect or particular the writing has been forged, i. e. whether the name was forged or a figure altered or inserted, or any other like act that constitutes forgery."

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the case be remanded to be proceeded with according to law.