STATE V. S. FEEBACK.

No. A-484.    Opinion Filed February 28, 1910.

(107 Pac. 442.)

1.    INTOXICATING LIQUORS—Unlawful Possession — Sufficiency of Indictment. An indictment which charges as follows: "S. Feeback did commit the crime of unlawful possession of intoxicating liquors, in that he, the said S. Feeback, did then and there wrongfully and unlawfully have the possession of certain intoxicating liquors, to wit, fifty cases of whisky, with the intention on the part of him, the said S. Feeback, of violating the provisions of article III, chapter 69 of the Session Laws of 1907-08, of the state of Oklahoma, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Okahoma"—is sufficient to charge the offense of unlawful possession of liquor.

2.    INDICTMENT AND INFORMATION—Sufficiency — Statutory Offenses. It is a rule of universal application that, when a statute creates an offense and sets out the facts which constitute it, the offense may be sufficiently charged in the language of the statute.

3.    INDICTMENT AND INFORMATION — Sufficiency. The true test of the sufficiency of an indictment is not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet; and, in case any other proceedings are taken against him for the same offense, whether the record shows with accuracy to what extent he may plead his former acquittal or conviction.

(Syllabus by the Court.)

*Error from Creek County Court; Josiah G. Davis, Judge.*

S. Feeback was charged with having the unlawful possession of intoxicating liquors. A demurrer and motion to quash were sustained, and the state brings error. Reversed and remanded, with directions.

*Fred S. Caldwell*, Counselor to the Governor, for the State. —Citing: Rapalje on Criminal Procedure, secs. 90, 91; *Bailey v. Commw.*, 78 Va. 19; *State v. Foster*, 30 Kan. 365; *State v. Hodgson*, 69 Vt. 134; *State v. Pennington*, 41 W. Va. 599; *People v. Talbot*, 120 Mich. 486; *State v. Delvechio*, 25 Utah, 18; *Wells v. State*, 118 Ga. 556; *Peters v. U. S.*, 94 Fed. 127; *Schley v. State*, 48 Fla. 53; *Commw. v. Dewhirst*, 190 Mass. 293; *Stevens v. State*, 89 Md. 669; *State v. Sonier*, 107 La. 794; *Semon v. State*, 158 Ind. 55; *Peterson v. State*, 64 Neb. 875; *Bolen v. People*, 184 Ill. 338; *State v. Beebe*, 115 Iowa, 128; *State v. Rosenblatt*, 185 Mo. 114; *Perkins v. Territory*, 10 Okla. 606; *Smith v. Territory*, 11 Okla. 656; *Commw. v. Cone*, 2 Mass. 132; *Phelps v. People*, 72 N. Y. 334; *State v. George*, 93 N. C. 567; *Mitchell v. Commw.* (Ky.) 11 S. W. 209; *State v. Bartholomew* (N. J.) 54 Atl. 231; *State v. Kentner* (Mo.) 77 S. W. 522; *Utsler v. Territory*, 10 Okla. 463; 22 Cyc. 339, 341-344.

*Stanfield & Rutherford* and *Hughes & Miller*, for defendant in error.—Citing: 1 Bishop, Cr. Proc. (2d Ed.) 626, 627; *Pearce v. State*, 1 Sneed, 63; *Weston v. Territory*, 1 Okla. Cr. 407; *Michael v. State*, 2 Okla. Cr. 703; *State v. Dolan*, 58 W. Va. 263; *State v. Howard*, 66 Minn. 309; *State v. Child*, 42 Kan. 614; *State v. Doran*, 99 Me. 329; *State v. Solio* (Del.) 54 Atl. 684.

OWEN, JUDGE. The charging part of the indictment in this case is as follows:

" * * * Do present and find that in said Creek county, and state of Oklahoma, on the 26th day of May, in the year of our Lord one thousand nine hundred and nine, and prior to the finding of this indictment, S. Feeback did commit the crime of unlawful possession of intoxicating liquors, in that he, the said S. Feeback, did then and there wrongfully and unlawfully have the possession of certain intoxicating liquors, to wit, fifty cases

of whisky, with the intention on the part of him. the said S. Feeback, of violating the provisions of article III, chapter 69 of the. Session Laws of 1907-08, of the state of Oklahoma, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Oklahoma."

The statute referred to, and under which this indictment was drawn, after prohibiting the manufacturing, selling, bartering, giving away, furnishing, shipping from one part of the state to another, and soliciting the purchase or sale, of liquors, embraces this language: "To have possession of any such liquor with the intention of violating any of the provisions of this act." Section 4180, Snyder's Comp. Laws, 1909.

To this indictment the defendant interposed a demurrer and motion to quash, for the reason that the indictment does not state facts sufficient to constitute a cause of action. The trial court sustained this demurrer, but ordered the defendant detained in custody on his present bond. Counsel for the defendant insist that the action of the trial court in sustaining the demurrer was in accordance with the decision of this court in the case of *Michael v. State*, 2 Okla. Cr. 703, 103 Pac. 1069. The conclusions reached in the Michael Case are correct under the information in that case. The information there charged the unlawful possession of the liquor, "with intent to use the same in violating the law." This language does not indicate what use was intended. The offense sought to be punished here is purely statutory, and consists in having the possession with the intention of violating any of the provisions of the statute. It is a rule of universal application that, when a statute creates an offense and sets out the facts which constitute it, the offense may be sufficiently charged in the language of the statute. Bishop in his work on criminal procedure announced the rule in this language:

"The allegations must cover so many of the statutory terms as will show a *prima facie* violation of the written law, and need cover no more."

The indictment in this case, in effect, charged the defendant with having the unlawful possession of the liquor with the intention to violate all the provisions of the statute against selling,

bartering, giving away, etc. In the Michael Case the court said it was necessary to allege the defendant's intention to violate some one of the provisions. The crime is none the less complete if he intended to violate all of them. Violating the provisions against selling, bartering, giving away, furnishing, or removal from one part of the state to another is no part of the offense of having the unlawful possession with the intention to violate the law: Possession of the liquor with the intention of violating any provisions of the statute is a criminal overt act. This is the offense described in the statute. The information in the Michael Case was not in the language of the statute, nor was the language used equivalent to the words of the statute. To say that a man intends to use the liquor in violating the law does not charge any offense for the reason that it is too indefinite. If he used the liquor for the purpose of making another drunk in order to perpetrate a fraud, or to procure the commission of a murder, or any other crime, that would be using the liquor in violating the law, but would not be sufficiently definite to charge a crime.

Counsel for the defendant in the case at bar urge that the indictment is defective because it does not charge which particular provision of the statute he intended to violate. The true test of the sufficiency of an indictment is not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprised the defendant of what he must be prepared to meet; and in case any other proceedings are taken against him for the same offense, whether the record shows with accuracy to what extent he may plead his former acquittal or conviction. *Peters v. U. S.,* 94 Fed. 127, 36 C. C. A. 105, and authorities there cited. Applying this test to the case at bar, we think this indictment sufficient. Before a conviction could be had, the state must prove two facts: First, possession of the liquor mentioned in the section of the statute; second, the intention on the part of the defendant to violate one, or all, of the provisions of this statute. It is never necessary for the prosecution to set out the

evidence relied upon to sustain a conviction, nor allege the particular acts in which the crime consists.

We are not unmindful of the rule that where a statute defines a crime in general terms, such as murder, arson, burglary, etc., then the indictment must allege the particular acts which constitute these crimes under the common law, but that rule has no application to the case at bar. A different rule prevails where the crime is purely statutory. *Haughn v. State,* 159 Ind. 413, 65 N. E. 287, 59 L. R. A. 789; *State v. George,* 93 N. C. 567; *Commonwealth v. Cone,* 2 Mass. 132; *State v. McIntosh,* 92 N. C. 794; *State v. Liles,* 78 N. C. 496; *State v. Tisdale,* 39 La. Ann. 476, 2 South. 406; *Commonwealth v. Harris,* 13 Allen (Mass.) 534. The last-mentioned case is where the defendant was charged with setting up a lottery, and, in disposing of the objection to the indictment, the court said:

"To the first and second indictments it is objected that the acts done, which amount to the setting up of a lottery, should be set forth. But this cannot be necessary. It is never requisite that the indictment should disclose the evidence by which it is to be supported. The acts done, when all combined, only compose the one act of setting up a lottery, which is made an offense by the statute; and we think this offense is sufficiently described by using the words of the statute. The tests are these: If every allegation may be taken to be true, and yet the defendant be guilty of no offense, then it is insufficient, although in the very words of the statute. But when by using the words of the statute the act in which the offense consists is fully, directly, and expressly alleged without any uncertainty or ambiguity, then it is sufficient so to allege it."

If it be necessary to allege what particular provision of the statute the defendant intended to violate, then it would be necessary to prove it, and that evidence may be encountered by opposing evidence, and if, on the whole, however clear the proof might be of the possession of the liquor and of the criminal intent and purpose, yet, if it was evident that the intention was to violate some provision of the statute not mentioned in the indictment, or even if it should be doubtful whether that was the case, the defendant must be acquitted. This would give a facility to the

commission of crime which we are sure the statute never intended. It would enable the defendant, by proving himself guilty of a different crime, to secure his acquittal of the crime for which he was charged. If he be charged with having possession of the liquor with the intention of selling the same, it would be a sufficient defense to prove that he intended to barter it, or give it away, or ship it from one portion of the state to another. Such construction would not only furnish a facility for the commission of crime, but it would render ineffective this provision of the statute.

Section 6697, Snyder's Comp. Laws 1909, is as follows:

"The indictment must be direct and certain as it regards: (1) The party charged. (2) The offense charged. (3) The particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

Section 6705 of the same statute is as follows:

"No indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

We think the indictment in this case sufficient under the requirements of these sections of the statute. The offense charged is having possession of the liquor with the intention of violating the provisions of the statute. The particular circumstances of the offense are sufficiently set out in alleging that he did have the possession, with such intention, and pointing out the identical statute he intended to violate. We are unable to understand in what way he could have been prejudiced on the merits by the failure of the indictment to allege what particular provisions he intended to violate. That was a matter peculiarly within his own knowledge, and proof that he intended to violate any or all of the provisions would warrant a conviction. The holding in the case of *Michael v. State, supra*, in so far as it conflicts with the holding here, is overruled.

The case is reversed and remanded, with directions to set

3 Cr.—33

aside the judgment sustaining the demurrer and motion to quash, and to proceed·in accordance with the views herein expressed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.