## J. E. CHILDERS v. STATE.

No. A-509.   Opinion Filed November 22, 1910.

1.   INTOXICATING LIQUORS—Unlawful Possession—Information. Where an information charges that the defendant had in his possession certain spirituous, vinous, fermented and malt liquor with the intention of violating the provisions of the prohibitory liquor law of the State of Oklahoma, it is not necessary for the information to go further and charge that said liquor contained more than one-half of one per cent. alcohol.

2.   SAME. Where an information charges that the defendant had in his possession prohibited liquors with the intention of violating the provisions of the prohibitory liquor laws of the State of Oklahoma, it is sufficient to charge an offense.

(Syllabus by the Court.)

*Appeal from Ottawa County Court; S. C. Fullerton, Judge Pro Tempore.*

Defendant was convicted for violating the prohibition law and was sentenced to pay a fine of $50.00 and imprisonment in the county jail 30 days. Defendant appealed. Affirmed.

*F. D. Fulkerson,* for plaintiff in error.—Citing *Michaels v. State* (Okla. Cr.) 103 Pac. 1069.

*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE.   Defendant filed a demurrer to the information in this case upon two grounds: First, that said information did not allege that the spirituous, vinous, fermented and malt liquor which the defendant was charged with having in his possession with the intention of violating the provisions of the prohibitory liquor law of the State of Oklahoma contained as much as one-half of one per cent. alcohol.   Second, that the allegation that the defendant had such liquor in his possession with the intention of violating the provisions of the prohibitory liquor law of the State of Oklahoma did not charge the defendant with the commission of an offense.   This demurrer was by the court overruled and the defendant excepted.   It is not necessary

for an information or indictment charging the defendant with selling or with having in his possession with intent to sell the liquor described in the information to allege that such liquor contained as much as one-half of one per cent. alcohol. See *John Etter v. State* and *B. B. Moss v. State,* both of which cases were decided at the present term of this court, *infra.* In the case of *State v. Feeback,* 3 Okla. Cr. 511, this court said:

"The indictment in this case, in effect, charged the defendant with having the unlawful possession of the liquor with the intention to violate all the provisions of the statute against selling, bartering, giving away, etc. In the Michael Case the court said it was necessary to allege the defendant's intention to violate some one of the provisions. The crime is none the less complete if he intended to violate all of them. Violating the provisions against selling, bartering, giving away, furnishing, or removal from one part of the state to another is no part of the offense of having the unlawful possession with the intention to violate the law. Possession of the liquor with the intention of violating any provisions of the statute is a criminal overt act. This is the offense described in the statute. The information in the Michael Case was not in the language of the statute, nor was the language used equivalent to the words of the statute. To say that a man intends to use the liquor in violating the law does not charge any offense for the reason that it is too indefinite."

In this case the information charged the defendant with having in his possession the liquor described in the information with the intention of violating the prohibitory liquor law of the State of Oklahoma.

Upon the authority of *State v. Feeback* we hold that the information in the case at bar was sufficient, and that the court did not err in overruling the demurrer thereto. The charge of the court was responsive to the information and the testimony, and was free from error. The judgment of the lower court is therefore affirmed.

DOYLE and RICHARDSON, JUDGES, concur