## AARON CROOMS v. STATE.

No. A-599.    Opinion Filed May 23, 1911.

(115 Pac. 610.)

**INTOXICATING LIQUORS—Information—Sufficiency.** An information which alleges that the defendant had in his possession intoxicating liquors for an unlawful purpose, without going further and alleging the intention on the part of appellant to use such intoxicating liquors in violation of the prohibitory liquor laws of the state, is too indefinite to charge any offense, and upon motion should be set aside.

(Syllabus by the Court.)

*Appeal from Atoka County Court; J. H. Linebaugh, Judge.*

Aaron Crooms was convicted of having whisky in his possession for unlawful purposes, and appeals. Reversed and remanded.

*J. G. Ralls,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM. The information in this case is as follows:

"In the name and by the authority of the state of Oklahoma, now comes J. W. Jones, the duly qualified and acting county attorney in and for Atoka county, state of Oklahoma, and gives the county court of Atoka county and state of Oklahoma to know and be informed that Aaron Crooms did, in Atoka county, and in the state of Oklahoma, on or about the 8th day of December in the year of our Lord one thousand nine hundred and nine, and anterior to the presentment hereof, commit the crime of being in the possession of intoxicating liquors for an unlawful purpose in the manner and form as follows, to wit: That the said Aaron Crooms did then and there have in his possession twenty-four pints, more or less, of intoxicating liquor, namely, whisky, for an unlawful purpose, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

Appellant moved the court to set aside the information, upon the ground that it was indefinite and uncertain, and did not inform appellant of the particulars of the offense charged against him. This motion was by the court overruled. The specific objec-

tion urged against the information is that it simply alleges in general terms that appellant had in his possession intoxicating liquor for an unlawful purpose, but nowhere states facts sufficient to bring such unlawful purpose within the letter of the law. The statute makes it an offense for any person to have the possession of any such liquors with the intent to violate any of the provisions of the prohibitory law. In the case of *State v. Feeback*, 3 Okla. Cr. 508, 107 Pac. 442, this court said:

"To say that a man intends to use the liquor in violating the law does not charge any offense, for the reason that it is too indefinite."

The information in this case should have gone further, and have alleged the intention on the part of the appellant to violate the provisions of article 3, c. 69, of the Session Laws of 1907 and 1908. The motion to set aside the information should have been sustained.

The judgment of the trial court is reversed, and the cause is remanded.