## A. C. FLOWERS v. STATE.

No. A-1529.   Opinion Filed January 13, 1913.

INTOXICATING LIQUORS—Unlawful Possession—Information—"Intent." When a person is to be prosecuted on a charge of having unlawful possession of intoxicating liquor with intent to sell the same, the information should specifically so charge; but this court has held that an information which charges an intent to violate the prohibitory law is sufficient. However, because such informations have been sustained it does not mean that they are approved by this court as models.

(Syllabus by the Court.)

*Appeal from Stephens County Court;*
*W. H. Admire, Judge.*

A. C. Flowers was convicted of violating the prohibitory law, and appeals. Affirmed.

*Burns & Meek,* for plaintiff in error.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, A. C. Flowers, was tried and convicted at the October, 1911, term of the county court of Stephens county on a charge of having unlawful possession of intoxicating liquor with intent to sell the same. The charging part of the information is as follows:

"The said A. C. Flowers, late of Stephens county, and within the jurisdiction of this court did willfully and unlawfully have in possession forty-one quarts of intoxicating liquor, to wit, beer, for the purpose and intent of violating the prohibition laws of the state of Oklahoma.   *   *   * "

The accused was arrested, gave bond for his appearance, was later arraigned, and entered a plea of not guilty. No demurrer or motion to set aside the information raising its sufficiency was filed. After the trial was concluded and a verdict of guilty returned, a motion for a new trial was filed complaining that the information was insufficient in that it charged the accused with intent to violate the prohibitory law. The proof in the record clearly establishes, to our minds, that the accused was in possession of the liquor charged with the intent to sell the same. The information should have charged that he had possession of the prohibited liquors with the intent to sell them, and not with intent to violate the prohibition laws; but such an information has been held sufficient by this court. See *State v. Feeback,* 3 Okla. Cr. 508, 107 Pac. 442; *Childers v. State,* 4 Okla. Cr. 237, 111 Pac. 958; *Ex parte Spencer,* 5 Okla. Cr. 7, 112 Pac. 557.

We decline at this time to disturb the ruling of the court, but these informations are not approved by this court as models of pleading, and they should be avoided.

We have carefully considered the other assignments raised by the brief, and find no error sufficient to justify a reversal of the judgment. It is, therefore, affirmed.

FURMAN, P. J., and DOYLE, J., concur.