## SAM WAKEN v. STATE.

No. A.-3945. Opinion Filed Feb. 17, 1923.
On Rehearing, May 15, 1923.
(212 Pac. 450; 214 Pac. 1096.)

Appeal from County Court, Garfield County; E. L. Swigert, Judge.

Sam Waken was convicted of unlawful possession of intoxicating liquor, and he appeals. Modified and affirmed on rehearing.

John L. Gleason, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

PER CURIAM. Sam Waken was charged by information in the county court of Garfield county with the unlawful possession of intoxicating liquors, and on trial to a jury his punishment was fixed at a fine of $500 and imprisonment in the county jail for six months. The charging part of the information is as follows: That Sam Waken did in Garfield county, state of Oklahoma, on or about the 31st of November, 1920, then and there unlawfully and willfully have in his possession a large quantity of fermented, spirituous, and intoxicating liquor, the same being then and there capable of being used as a beverage, and which contained about 11 per cent. of alcohol, with the intent then and there to sell, give, and furnish to others, in violation of the prohibitory liquor laws of the state of Oklahoma. Counsel for defendant moved to make the information more definite and certain, which motion was overruled, and also demurred to the information on the ground that the information did not state facts sufficient to charge the defendant with any offense against the laws of the state, which demurrer was also overruled and proper exceptions taken of the action of the trial court in both instances. It is here contended that the court erred in not sustaining the motion to make the information more definite and certain, and in overruling the demurrer thereto.

The information is sufficient under the holdings of this court in the following cases: Ex parte Spencer, 7 Okla. Cr.

113, 122 Pac. 557; State v. Feeback, 3 Okla. Cr. 508, 107 Pac. 442; Childers v. State, 4 Okla. Cr. 237, 111 Pac. 958.

It is further contended that the trial court erred in permitting the state to prove the general reputation of the place of business of the defendant, wherein the intoxicating liquor was found, to be that of a place where intoxicating liquors were kept for the purpose of sale. An examination of the record convinces the court that a sufficient predicate was laid in this case to permit the introduction of such evidence under the holding of this court in Ward v. State, 15 Okla. Cr. 150, 175 Pac. 557. The other assignments of error are such as are either not supported by the record or else wholly without merit. We find no sufficient reason urged for the reversal of this judgment.

The judgment is therefore affirmed.

PER CURIAM. Counsel for plaintiff in error have filed petition for rehearing, with request that if same be overruled the court again review the evidence and modify the judgment, because it is apparent from the record that the verdict assessing the maximum penalty was probably the result of passion and prejudice, occasioned by the admission of evidence of doubtful competency.

In view of the fact that this is the first time that the plaintiff in error has been convicted of an offense against the laws of this state, and, after again reviewing the evidence, the court has reached the conclusion that the judgment should be modified to provide a fine of $250 and imprisonment in the county jail for a period of 60 days, and as so modified the judgment be affirmed. It is therefore considered, ordered, and adjudged that the judgment of the trial court assessing a fine against plaintiff in error in the sum of $500 and that

he be imprisoned in the county jail for a period of 6 months be, and the same is hereby, modified to provide a fine of $250 and imprisonment in the county jail for a period of 60 days.

As so modified, the judgment is affirmed.