## CAL THOMPSON v. STATE.

No. A-4258.  Opinion Filed Oct. 29, 1923.
On Rehearing Feb. 9, 1924.
(222 Pac. 568.)

(Syllabus.)

On Rehearing.

**Trial—Failure to Define Term in Sufficient Given Instructions, in Absence of Request, not Error.** Where given instructions as a whole fairly cover the law of the case, the failure of the court to define a term therein, in the absence of a request so to do, held not reversible error.

Appeal from County Court, Garfield County; E. L. Swigert, Judge.

Cal Thompson was convicted of the unlawful possession of intoxicating liquor, and he appeals. Modified and affirmed.

E. F. Smith, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

PER CURIAM. Appeal from the county court of Garfield county. Conviction on a charge of having unlawful possession of intoxicating liquor. Punishment fixed by a jury at a fine of $500, and imprisonment in county jail for six months. Judgment rendered in accordance with verdict December 1, 1921. Petition in error and case-made filed in this court March 21, 1922.

The only errors assigned and supported by argument and the citation of authority are that the court erred in overruling the demurrer to the information, and also the motion in arrest of judgment. These assignments of error relate solely to the sufficiency of the information to state an offense.

The information is based on section 7002, Compiled Statutes 1921, which in part provides:

"It shall be unlawful for any person, individual or corporate, to manufacture, sell, barter, give away, or otherwise furnish except as in this chapter provided, any spirituous, vinous, fermented or malt liquors, or any imitation thereof or substitute therefor; or to manufacture, sell, barter, give away, or otherwise furnish any liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one per cent. of alcohol, measured by volume, and which is capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States; or to ship or in any way convey such liquor from one place within this state to another place therein except the conveyance of a lawful purchase as herein authorized; or to solicit the purchase or sale of any such liquors, either in person or by sign, circular, letter, card, price list, advertisement or otherwise, or to distribute, publish, or display any advertisement, sign or notice where any such liquor may be manufactured, bartered, sold, given away, or otherwise furn-

ished, or to have the possession of any such liquors with the intention of violating any of the provisions of this chapter.''

The charging part of the information is as follows:

''One Cal Thompson and S. R. Roblinson, whose more full and true name is unknown, did then and there unlawfully and willfully have in their possession a quantity of intoxicating liquor, to wit, about twenty-five (25) gallons of corn whisky, containing more than one-half (½) of one (1) per cent. of alcohol by volume, with intent of the said persons, Cal Thompson and S. R. Roblinson, whose more full and true name is unknown, to violate the prohibitory liquor laws of the state of Oklahoma, and with the intent to sell, barter, and furnish to others in violation of the prohibitory liquor law, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Oklahoma.''

The information is sufficient under the holdings of this court in the following cases: Flowers v. State, 8 Okla. Cr. 503, 129 Pac. 81; Anderson v. State, 7 Okla. Cr. 491, 124 Pac. 86; Childers v. State, 4 Okla. Cr. 237, 111 Pac. 958; State v. Feeback, 3 Okla. Cr. 508, 107 Pac. 442.

Judgment affirmed.

### On Rehearing.

PER CURIAM. Counsel for plaintiff in error have filed a petition for rehearing, with the further request that, if the same be overruled, the court again review the evidence and modify the judgment, because it is apparent from the record that the verdict assessing the maximum penalty was probably the result of passion and prejudice.

The petition for rehearing calls attention to one ground for reversal not supported by argument and authority in the brief filed in behalf of plaintiff in error, and not considered by the court in the original opinion, although assigned in the petition in error as ground for reversal. This assign-

ment of error relates to the failure of the trial judge to define the term "prima facie" evidence. No request was made by counsel for plaintiff in error that the court define this term. In the absence of such request, the charge as a whole fairly covering the law of the case, we do not think this, of itself, a sufficient reason for reversing the judgment.

The plaintiff in error was a first offender against the laws of this state. The maximum penalty was imposed against him. The circumstances under which the offense was committed were not such as to aggravate its character or to demand the maximum penalty against a first offender. We think it apparent that a certain amount of passion and prejudice must have occasioned the verdict. For that reason the court has reached the conclusion that the judgment should be modified to provide a fine of $250 and imprisonment in the county jail for a period of 30 days.

It is therefore considered, ordered, and adjudged that the judgment of the trial court, assessing a fine against the plaintiff in error in the sum of $500, and that he be imprisoned in the county jail for a period of 6 months, be, and the same is, hereby modified, to provide a fine of $250 and imprisonment in the county jail for a period of 30 days.

As modified, the judgment is affirmed.