## ABE BOTTS v. STATE.

No. A-4767.  Opinion Filed Jan. 31, 1925.
(232 Pac. 965.)

(Syllabus.)

1. **Intoxicating Liquors—Information Charging Illegal Possession Sufficient.** An information which alleges that the person charged had possession of intoxicating liquor in a quantity greater than one quart, with the intent to violate the prohibitory liquor laws of the state, is sufficient.

2. **Same—Charge of Possession of Whisky Mash—Necessary Proof.** When the information charges possession of intoxicating liquor, to wit, "whisky mash," the proof must show the prohibited alcoholic content or the intoxicating character of the liquor in order to establish the offense.

3.     **Trial—Refusal to Instruct as to Circumstantial Evidence, When Error.**   When the evidence relied upon by the state is entirely circumstantial, it is error for the court to give a requested instruction on the law applicable thereto.

Appeal from County Court, Latimer County; L. B. Kyle, Judge.

Abe Botts was convicted of possession of intoxicating liquors with intent to sell, and he appeals. Reversed and remanded.

H. T. Church, for plaintiff in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

EDWARDS, J.   Several assignments of error are presented in the brief of plaintiff in error, the first being that the information is insufficient.   The charging part of the information is as follows:

"* * * That Abe Botts did * * * commit the crime of unlawful possession of intoxicating liquor in the manner and form as follows, to wit:   That is to say that he, the said defendant, Abe Botts, did within said Latimer county and state of Oklahoma * * * willfully, wrongfully, have and keep in his possession about 160 gallons of intoxicating liquor, to wit, whisky mash, the same then and there being a fermented and intoxicating liquor, with the unlawful intent upon the part of the said defendant to violate the provisions of the prohibitory liquor laws of the state of Oklahoma."

It is contended that this is insufficient in not setting out the particular subdivision of the liquor laws the defendant named in the information intended to violate.   This question has been heretofore considered by this court.   In Ex parte Spencer, 7 Okla. Cr. 113, 122 P. 557, it is held:

"Where an information charges the defendant with having in his possession intoxicating liquors with the intention of violating the provisions of the prohibitory liquor laws in Oklahoma, such information states an offense against the laws of this state,"

—citing and distinguishing the case of Michael v. State, 2 Okla. Cr. 703, 103 P. 1069, and also citing the case of State v. Feeback, 3 Okla. Cr. 510, 107 P. 443, in which the court, speaking by Owen, Judge, said:

"The indictment in this case, in effect, charged the defendant with having the unlawful possession of the liquor with the intention to violate all the provisions of the statute against selling, bartering, giving away, etc. In the Michael case [supra] the court said it was necessary to allege the defendant's intention to violate some one of the provisions. The crime is none the less complete if he intended to violate all of them."

See, also, Flowers v. State, 8 Okla. Cr. 503, 129 P. 81.

At the conclusion of the evidence the plaintiff in error requested the court to give the instruction on circumstantial evidence, which request was denied and exception saved. We have examined the record, and find that the evidence of the state is wholly circumstantial, and it was error to refuse an instruction as requested. Rutherford v. U. S., 1 Okla. Cr. 194, 95 P. 753; Munson v. State, 23 Okla. Cr. 64, 212 P. 438; Pierson v. State, 13 Okla. Cr. 382, 164 P. 1005.

It is also argued that the evidence is insufficient to sustain the verdict. The plaintiff in error was charged with unlawful possession of * * * 160 gallons of intoxicating liquor, to wit, whisky mash, the same being then and there a fermented and intoxicating liquor. Under this charge it was necessary to prove the intoxicating character of the mash. This was not done, and we think the evidence is insufficient. The court does not take judicial notice that "whisky mash" is intoxicating. Markinson v. State, 2 Okla. Cr. 323, 101 P. 353.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.