## OSWARD BATSON v. STATE.

No. A-6774.   Opinion Filed June 15, 1929.

(278 Pac. 359.)

Glasco & Glasco, for plaintiff in error.

W. B. M. Mitchell, Co. Atty., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of McClain county on a charge of having possession of a substitute for a still, and was sentenced to pay a fine of $50 and be imprisoned in the county jail for 30 days. Motion for new trial was filed, overruled, and exceptions saved, and the case appealed to this court.

The charging part of the information is: "That Osward Batson did, in McClain county, and in the state of Oklahoma, on or about the 8th day of May, 1927, and anterior to the presentment hereof, commit the crime of having in his possession a substitute for a still and still worm in the manner and form as follows, to wit: The said

Osward Batson, in M'cClain county, state of Oklahoma, on or about the 8th day of May, 1927, then and there being did then and there unlawfully, knowingly and willfully have in his possession a substitute for a still and still worm, to wit: one copper wash boiler with the top soldered on and a hole cut in the top of the boiler for the purpose of using the same for the manufacturing and production of distilled spirits and liquors and which after being set up was capable of being used for the manufacture and production of distilled spirits and liquors, the sale, bartering, giving away of which is prohibited by the laws of the state of Oklahoma."

The prosecution of this case was had under section 2, chap. 42, Session Laws of 1923-24:

"* * * And it shall be unlawful for any person to set up to be used as a distillery a still worm or substitute therefor, whether kettle, washpot, metal tank or any other vessel of any kind, whether for the purpose of using same, or which after being set up, may be used for the manufacture, production or fermentation of distilled spirits, or liquor, the sale, barter or giving away of which is prohibited by the laws of the state of Oklahoma."

The gist of the charge against the defendant was that he unlawfully had in his possession a substitute for a still and still worm, to wit, one copper wash boiler with the top soldered on and a hole cut in the top of the boiler for the purpose of using the same for the manufacture of distilled spirits and liquors, and which after being set up was capable of being used for the production of distilled spirits and liquors. Under the information the state was bound to prove at least two facts: First, that the copper wash boiler was a substitute for a still. Second, that the substitute was capable of being used for the manufacture and production of distilled spirits and liquors.

The evidence in the case is very brief. W. W. Oliver testified that he had a search warrant and searched the premises of the defendant. He testified that he found a copper boiler with the top soldered on and a hole in the top, but no worm, and a small keg which had been used to sour some kind of corn mash or something. When asked did he have a copper still, the witness answered, "Just a copper boiler, I don't know whether you call it a still or a substitute." J. M. Lynn also testified for the state to substantially the same facts, and that was all the evidence offered by the state.

There is no evidence to show that this copper boiler was a substitute for a still, nor is there any evidence that the copper wash boiler was capable of being used, when set up, for the manufacture and production of distilled liquors. The state having wholly failed to prove the material allegations of the information by any competent evidence, the cause must be reversed for insufficient evidence to support the verdict of the jury.

The cause is therefore reversed and remanded, with instructions to dismiss.

EDWARDS, P. J., and DAVENPORT, J., concur.