BILL RADCLIFF v. STATE.

No. A-9253. April 30, 1937.
(67 Pac. [2d] 809.)

Joe Adwon and J. L. Gowdy, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J.   The information in this case filed in the court of common pleas of Oklahoma county, April 16, 1936, charges that Bill Radcliff in said county on the 14th day of April, 1936, did unlawfully have in his possession and under his control one complete still, which when set up was capable of being used in the manufacture of whisky; said still was not registered by said defendant as required by law, and said possession was with the unlawful purpose of using the same in the manufacture of whisky.

On the trial the jury returned a verdict finding the defendant guilty of illegal possession of a whisky still as charged in the information, and that they were unable to agree on the punishment.

Motion for new trial was duly filed and overruled. September 25, 1936, the court rendered judgment and sentenced the defendant to imprisonment in the county jail for 60 days and to pay a fine of $50 and the costs. From the judgment he appeals.

The testimony of three deputy sheriffs was, in substance, to the effect that in executing a search warrant on the premises three miles south of Wright Station and

about 375 yards northwest of the house where the defendant lived, they found in a cave or dug-out a 50-gallon oil barrel still, a copper coil and several copper pipes, several empty mash barrels, three or four buckets, and some empty fruit jars; that the still when set up could be used to manufacture whisky. It appears they destroyed the still, the copper coils, and pipes, and arrested the defendant; that in the car on their way back to the city the defendant said that it was his still and that he had been making whisky there for four or five months.

On the part of the defense, J. R. Radcliff testified that the defendant was his son; that he had rented the place and they had lived there about two months; that he was away and had returned to the place just after the officers left; that he had seen an old oil drum in the canyon northwest of the house off and on for three or four years.

As a witness in his own behalf, Bill Radcliff testified that he had lived in that neighborhood three or four years and had been living on the place about two months; had often seen the oil drum in a canyon about a quarter northwest of the house; that he never did see the mash barrels, the copper coil and pipes, and other stuff that the officers found; that he never did manufacture whisky; and denied that he had told the officers that for four or five months he had been making whisky out there.

At the close of the case for the state the defendant demurred to the evidence and moved the court to instruct the jury to find the defendant not guilty, and again at the close of all the evidence the defendant moved the court to instruct the jury to return a verdict of not guilty, for the reason that the evidence is insufficient to warrant a conviction. Motions overruled. Exceptions.

The assignment that the information fails to state facts sufficient to constitute a public offense is not well taken. The demurrer to the information was properly overruled.

The only other question presented by this appeal is the sufficiency of the evidence to support the verdict.

It is urged that the verdict of the jury is contrary to law and the evidence, in that, "The evidence was insufficient to establish that the oil drum was capable of being used for the manufacture of intoxicating liquor." Citing Batson v. State, 43 Okla. Cr. 298, 278 Pac. 359.

We do not agree with counsel's contention. The credibility of the witnesses and the weight and value to be given their testimony was a question solely for the jury's determination, and, to reverse a judgment on the ground that the verdict is contrary to law and the evidence, this court must find as a matter of law that the evidence is insufficient to warrant a conviction.

It is obvious that the case was one for the consideration of the jury. The motions for a directed verdict of acquittal were properly denied. The trial was in all respects fair, and we are unable, after a careful examination, to find anything in the record sufficient to create a doubt as to the correctness of the result, or warrant us in interfering with the verdict.

It follows that the judgment of the lower court should be affirmed, and it is so ordered.

DAVENPORT, P. J., and BAREFOOT, J., concur.