## VIRGIL McCANN v. STATE.

No. A-10021. Oct. 7, 1942.

(130 P. 2d 108.)

Robt. R. Rittenhouse, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Virgil McCann, was charged in the court of common pleas of Oklahoma county with the unlawful transportation of intoxicating liquor, jury was waived, was tried, convicted and sentenced to serve 30 days in the county jail of Oklahoma county, pay a fine of $50 and costs, and has appealed.

Defendant contends in his petition in error that the court erred in overruling his motion to suppress the evidence.   The facts show that one officer had driven another officer to his home about 11 p.m.; that while the officers were sitting in their automobile in front of the home of one of the officers, defendant pulled out of an alley-way driving at a fast rate of speed and ran a stop sign on Walnut street; that the officers pursued and stopped him.   That when they approached the automobile which the defendant was driving, one of the officers asked the defendant his name and asked to see his driver's license.   That the officers saw exposed in a pocket of the defendant at that time a pint of whisky with the seal unbroken.   Lying in the back seat were two half pints of whisky.   The defendant was searched and two other pints of whisky were found on his person, making a total of three pints and two half pints of whisky found by the officers on that occasion.

No citation of authority, nor argument, nor reference to any facts is made in the brief of defendant to support his contention that the motion to suppress should have been sustained.

An offense was committed in the presence of the officers. They had a right to stop the defendant for violating the city ordinances, and when they approached the defendant's car and saw the whisky they had a right to seize the same. See the recent cases of Holder v. State, 75 Okla. Cr. 202, 129 P. 2d 872; Golden v. State, 75 Okla. Cr. 121, 129 P. 2d 202; Saffa v. State, 75 Okla. Cr. 19, 128 P. 2d 241; Franklin v. State, 71 Okla. Cr. 115, 109 P. 2d 239; Sands v. State, 36 Okla. Cr. 55, 252 P. 72; Barfield v. State, 68 Okla. Cr. 455, 99 P. 2d 544, and other cases therein decided.

Most of defendant's brief is devoted to his proposition that the defendant was charged with the unlawful transportation of intoxicating liquor and was sentenced for unlawful possession of intoxicating liquor, which constituted a material variance requiring a reversal of this case.

This assignment of error was not set forth in the motion for a new trial, nor in the petition in error attached to the case-made filed herein. No motion in arrest of judgment was presented raising this question.

However, we have considered the entire record, and it is clear that defendant was charged and convicted of the offense of unlawful transportation of intoxicating liquor. Apparently due to a clerical error by the stenographer who prepared the judgment and sentence, it recites:

"* * * the prisoner, Virgil McCann, being personally present in open court, and having been legally charged with the offense of illegal possession of intoxicating liq-

uor and having been duly arraigned thereon, and having pleaded not guilty and having been duly and legally tried and convicted of said offense, in said court, the prisoner is now informed of the nature of the charge, of his plea and of the verdict, and is asked by the court whether he has any legal cause to show why judgment and sentence should not be pronounced against him, and alleging no sufficient cause why judgment and sentence should not be pronounced against him, and none appearing to the court, the court does now hereby adjudge and sentence the said Virgil McCann for said offense by him committed."

In the case of Wood v. State, 4 Okla. Cr. 436, 112 P. 11, 45 L.R.A., N.S., 673, it is stated:

"Where there is a variance between the verdict of the jury and the sentence of the court, it must appear from the record that such variance cannot be corrected without depriving the defendant of a substantial right, before the conviction will be set aside, but the cause will be remanded to the lower court for resentence."

In the case of Petition of Breeding et al., 75 Okla. 169, 182 P. 899, it is stated:

"The powers of the different courts of this state to amend imperfect records to speak the truth, by orders nunc pro tunc, extends to criminal as well as to civil proceedings.

"A criminal case is 'pending' in the sense that the court may correct its records by orders nunc pro tunc at any time until the judgment is fully satisfied."

See also Caudill v. State, 9 Okla. Cr. 66, 130 P. 812.

The proof of the defendant's guilt of transporting intoxicating liquor is clear. No defense was offered and defendant relied in the trial of the case solely upon the proposition that the search and seizure was unlawful. The judgment and sentence as prepared can be corrected without depriving the defendant of a substantial right.

It appears from the record that no part of the judgment assessed against defendant has been satisfied and that there is no good reason why this defendant should not be resentenced in accordance with the verdict rendered against him.

It is therefore ordered that all the proceedings had in the trial court in this case, up to and including the verdict of guilty, are approved and affirmed, and that the judgment and sentence of the trial court be set aside upon the ground of the variance between the verdict and the judgment and sentence, and that this cause be remanded to the court of common pleas of Oklahoma county with directions to the judge of said court to resentence the defendant for the offense of transporting intoxicating liquor, in conformity to the information and verdict rendered against him. When the defendant has been resentenced, in accordance with this opinion, he shall be forthwith delivered to the sheriff of Oklahoma county so that the sentence of the court may be executed without further delay.

BAREFOOT, P. J., and DOYLE, J., concur.