## VIRGIL McCANN v. STATE.

No. A-10610. June 26, 1946.

(170 P. 2d 563.)

Robt. R. Rittenhouse, of Oklahoma City, for plaintiff in error.

Randell S. Cobb, Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Virgil Pinkston Mc-Cann, was charged in the court of common pleas of Oklahoma county with the unlawful possession of intoxicating liquor, was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $50 and costs, and has appealed.

The only question presented by this appeal is whether a conviction in the municipal court of Oklahoma City is a bar to a prosecution for the same unlawful act in the court of common pleas.

A police officer of Oklahoma City arrested the defendant in possession of nine pints of whisky. The policeman signed a complaint in a municipal court of Oklahoma City charging the defendant with the unlawful possession of whisky in violation of a municipal ordinance. The defendant entered a plea of guilty and was sentenced to pay a fine and costs in the amount of $20. Later, an information was filed in the court of common pleas charging the defendant with the possession of the identical liquor which was involved in the prosecution by the municipal court in Oklahoma City. Upon his arraignment before the court of common pleas, the defendant filed a plea in bar and motion to quash the information in which the question of jeopardy was presented. Thereafter, in all subsequent proceedings during the trial of said case, the defendant properly raised the question that he was twice being placed in jeopardy for the same offense.

In Cumpton v. City of Muskogee, 23 Okla. Cr. 412, 225 P. 562, 563, it is said:

"A prosecution in a city court for a violation of a municipal ordinance which prohibits an act which is also an offense under the general criminal law of the state is

not a bar to a prosecution under such state law; such a second prosecution would not be in conflict with section 21 of our Bill of Rights, providing that no person shall be twice put in jeopardy for the same offense.

"The violation of a municipal ordinance is an offense against the municipality, and the same facts and circumstances may constitute another and different offense against the state, the same facts constituting different offenses against different governing bodies."

In the early case of In re Simmons, 4 Okla. Cr. 662, 112 P. 951, the law is established in the syllabus as follows:

"A conviction under an ordinance of a city of the first class for being in possession of intoxicating liquors with intent there to barter, sell, give away, or otherwise furnish contrary to law is not a bar to a prosecution for the same act under the prohibitory law of the state."

See, also, the case of In re Monroe, 13 Okla. Cr. 62, 162 P. 233.

The defendant has cited no authority in his brief to support his contention, and in view of the foregoing decisions it is apparent that the plea of double jeopardy was properly overruled.

The judgment of the court of common pleas of Oklahoma county is affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.