### JOHN TOM DENNARD v. STATE.

No. A-10640.   Jan. 8, 1947.

(176 P. 2d 831.)

Robt. R. Rittenhouse, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. H. Johnson, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   John Tom Dennard was convicted in the court of common pleas of Oklahoma county of the offense of illegal possession of intoxicating liquor, was sentenced to serve 30 days in the county jail and pay a fine of $50 and has appealed.

The only issue presented by the appeal is whether the evidence is sufficient to sustain the conviction. The sole witness who testified for the state was Jack Caldwell, a police officer of Oklahoma City. He testified that on December 12, 1944, he and another officer went to the premises located at 424 Northeast Tenth street in Oklahoma City to meet with an attorney in another case to observe the location of some trees which had become a point of controversy in a lawsuit. Caldwell testified that while making the examination he walked by a Chevrolet coupe automobile parked in front of the house at that address. That as he

passed the car, he saw therein an open zipper bag with one quart of I. W. Harper whisky exposed to view. That he saw the defendant Dennard at the rear of the house where he was engaged in the business of delivering liquor. That Dennard had the keys to the car in his possession. That he was well acquainted with the automobile and had seen the defendant Dennard driving it on other occasions, although he thought the automobile belonged to one Virgil McCann. That McCann was engaged in the whisky business, and Dennard worked for McCann.

That when he saw Dennard he told him, "John, come on; let's go." That the defendant Dennard got into the car with him, and after he had gotten into the car Dennard said eight pints of liquor was all that he had in the car. That they searched the car and found six pints and one quart of whisky. That the defendant had the keys to the car, and when they went to the car he got under the steerin wheel, put the keys in the ignition and turned it on. That defendant further asked the police officer to check the labels on the whisky so that he (the defendant) could make a report as to how many were green labels and how many were red labels.

The defendant testified in his own behalf that he did not have the keys to the car in his possession; that he did not own the automobile, and that he did not know whose whisky it was in the car. On cross-examination he testified that he worked for Virgil McCann. In response to the question as to whether he told Officer Caldwell that eight pints of liquor was all that he had in the car, he said:

"I told him, I said, Jack, count that whisky because there is so many reds and so many greens in it, you know that has to be turned in. He said, 'All right.' I didn't say nothing to him about how many was in it or anything about the whisky at all until we got to the police station."

He further testified:

"Q. Did you ever drive that car before? A. Yes, sir. Q. Drive it any time before on that day? A. Yes, sir. Q. How long have you worked for Virgil McCann? A. Oh, about seven months, something like that."

Virgil McCann has been one of the most persistent violators of the liquor laws of the state to which our attention has been directed. In recent months there have been ten appeals lodged in this court from convictions which he has sustained. In nine of them the convictions were affirmed, while one of them is still pending. McCann v. State, 74 Okla. Cr. 388, 126 P. 2d 559; McCann v. State. 75 Okla. Cr. 216, 130 P. 2d 108; McCann v. State, 82 Okla. Cr. 297, 169 P. 2d 219; McCann v. State, 82 Okla. Cr. 301, 169 P. 2d 221; McCann v. State, 82 Okla. Cr. 303, 169 P. 2d 222; McCann v. State, 82 Okla. Cr. 370, 170 P. 2d 561; McCann v. State, 82 Okla. Cr. 374, 170 P. 2d 562.

Counsel for defendant cites several cases decided by this court wherein we held that where the state relies wholly on circumstantial evidence, the circumstances relied upon, when considered together, must point clearly to the guilt of defendant and exclude every other reasonable hypothesis than that of guilt, and that where the circumstances amount to no more than mere suspicion of guilt, the conviction should not be allowed to stand.

We still strongly adhere to these rules of law. However, as we view the record, the circumstances relied upon by the state point clearly to the guilt of defendant and amount to more than mere suspicion.

Also, it is well to note that the State of Oklahoma did not rely solely on circumstantial evidence. The statement

of defendant that he had eight pints of whisky in the car is direct evidence of defendant's guilt. The proof further establishes the following circumstances:

(1) The defendant was in back of the house, in front of which the automobile was parked and thus in the immediate vicinity where the liquor was found.

(2) He had the keys to the automobile in his pocket.

(3) He had previously been seen driving the automobile.

(4) He testified that he had driven the automobile on that day.

(5) He told the officer that eight pints of whisky was all that he had in the automobile.

(6) He asked the officers to count the liquor to see how many red and green labels there were so that he could make a report.

(7) When the officer directed him to go with him to the police station, he silently acquiesced, neither protesting his innocence nor asking why he should accompany the officer to the police station.

The extrajudicial statement of defendant wherein he admitted possession of the liquor found in the automobile strongly supported his conviction.

In Hopkins v. State, 75 Okla. Cr. 268, 130 P. 2d 543, 544, it is stated:

"The finding of 390 pints of whisky in unoccupied automobile and extrajudicial statement by defendant that automobile and whisky belonged to him held sufficient to support conviction." See also Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549.

The circumstances, together with the admissions of the defendant, were sufficient to make a prima facie case of guilt. The conflict of evidence created by the testimony of defendant denying his guilt made an issue for the determination of the jury. The jury's finding in such a situation will be upheld on appeal.

The judgment and sentence of the court of common pleas of Oklahoma county is accordingly affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.