## VIRGIL PINKSTON McCANN v. STATE.

No. A-10896. Oct. 6, 1948.
(198 P. 2d 436.)

Lee Williams, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, Virgil Pinkston McCann, was charged in the court of common pleas of Oklahoma county with the illegal possession of intoxicating liquor; a jury was waived, the defendant was tried, found guilty and sentenced to serve 30 days in the county jail, and pay a fine of $300, and has appealed.

The single proposition presented by the appeal is that the court erred in overruling the motion to suppress evidence.

The affidavit for search warrant and the warrant used by the police officer in making a search of the premises described by the search warrant were introduced in evidence. The premises as described in the search warrant were as follows:

"A parking lot and all buildings, located at 127 N. W. 5th Street, in Oklahoma City, Oklahoma."

The search warrant is what is commonly known as a John Doe warrant and recites that "John Doe, whose more full, true and correct name is not known, etc., occupied the premises." Counsel contend that the defendant was known to the policeman making the affidavit for the warrant, and where the name of owner or occupant of the premises to be searched is known, it is essential to the particular description of the premises to set forth his name in the affidavit and warrant. Mason v. State, 63 Okla. Cr. 153, 73 P. 2d 468.

The affidavit was executed by Ray Peddicord, a policeman of Oklahoma City. He was not called as a

witness on the motion to suppress evidence. There is nothing in the record to indicate that he knew that the defendant was the person who had charge of the premises described in the warrant. There is a distinction in the decided cases between those cases where a warrant is issued for the search of property and for the search of a person.

In Chronister v. State, 73 Okla. Cr. 367, 121 P. 2d 616, this court held:

"Where a search warrant is issued for the purpose of searching a person, such person should be particularly described, and if his name is known it should be stated in the warrant. If a search warrant is issued for the search of a place, the place must in like manner be particularly described in the affidavit and warrant, and the name of the owner should be set out, or he should be described as unknown, according to the facts. If the place is particularly described, it is not absolutely essential that the name of the owner or occupant be stated."

We can find no reversible error in the record. The punishment assessed the defendant was severe, but he is an old offender, having been before this court on appeal in many other cases, several of which were affirmed. McCann v. State, 74 Okla. Cr. 388, 126 P. 2d 559; McCann v. State, 75 Okla. Cr. 216, 130 P. 2d 108, 109; McCann v. State, 82 Okla. Cr. 297, 169 P. 2d 219; McCann v. State, 82 Okla. Cr. 301, 169 P. 2d 221; McCann v. State (first case), 82 Okla. Cr. 203, 169 P. 2d 222; McCann v. State (second case), 82 Okla. Cr. 304, 169 P. 2d 222; McCann v. State, 82 Okla. Cr. 377, 170 P. 2d 561; McCann v. State, 82 Okla. Cr. 374, 170 P. 2d 562; McCann v. State, 83 Okla. Cr. 206, 174 P. 2d 855.

The judgment and sentence of the court of common pleas of Oklahoma county is affirmed.

BAREFOOT, P. J., and BRETT, J., concur.