## FRANK DUNKIN v. STATE.

No. A-7924. Opinion Filed June 12, 1931.
(300 Pac. 433.)

See, also, 45 Okla. Cr. 203, 282 Pac. 692.

John W. Whipple, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of the larceny of domestic fowls, and sentenced to serve a term of 18 months in the state penitentiary, from which judgment and sentence the defendant appeals. When the case was called for trial, the defendant filed a motion to quash and set aside and hold for naught the information filed in

this case, for the reason that the testimony taken in the preliminary examination was not sufficient to justify or warrant the filing of said information; which motion to quash and set aside was overruled, and defendant duly excepted. The defendant also filed a demurrer to the information; which demurrer was overruled, and exceptions saved.

To sustain the allegations in the information, the state offered evidence which tended to show that the defendant and a lady, who gave her name as Mable Brittain, appeared at a produce house on May 17, 1929, at about 7:30 in the morning, driving a Pontiac coupe, and sold 138 pounds of poultry, for which the witness Goodman gave the lady a check for $34.50; in about 30 minutes the witness Goodman was called to come to the courthouse, and that some other parties were there; that the defendant and the woman who gave her name as Mable Brittain carried the chickens from the car to the poultry house; the defendant stated he was not concerned in the sale of the chickens, but "he asked me what I was paying for the chickens."

Other witnesses were called who testified to seeing the woman who was with the defendant at the poultry house trying to cash the check at different stores. The defendant was arrested near the courthouse in the city of Chandler, with the woman whose name was not Mable Brittain, but her real name was Bowers, and she had been keeping house for the defendant.

The defendant denies he had anything to do with the chickens, and testifies he went to the city of Chandler with his brother on the morning he was arrested, and called his brother and one or two other witnesses to prove that he did drive to Chandler with his brother. This is, in substance, the testimony.

The defendant in his argument presents assignments numbered five, six, and seven together, and in his argument alleges that the burden was upon the state of Oklahoma to prove beyond a reasonable doubt each allegation charged in the information; that the verdict of the jury is contrary to both the law and the evidence; and the defendant insists that there is no testimony tending to show that Dunkin was seen stealing the chickens, or about the place at the time the chickens were stolen.

The defendant further alleges that it was a very thin web of circumstantial evidence that attempts to connect the defendant with the commission of the alleged offense. The force of the defendant's argument is directed to the question that the record fails to disclose any testimony showing that the defendant was seen at the home of the witness I. L. Hall, whose chickens were alleged to have stolen, or that he sold any chickens to the witness Goodman. This contention of the defendant is not tenable, for the reason that the defendant might be guilty of the taking of the domestic fowls charged in the information, even though he was not seen at the home of the prosecuting witness or had not sold chickens to Goodman. It is not disputed that the woman who gave her name as Mable Brittain was a Mrs. Bowers, and that she had been keeping house for the defendant. If the jury believed the testimony of the state, it was warranted in finding the defendant guilty; on the other hand, if they believed the testimony of the defendant, its verdict should have been a verdict of acquittal. This court has repeatedly held that where there was any evidence on which the jury could reasonably predicate its verdict, though the evidence was contradictory, this court would not disturb the same. Tennison v. State, 32 Okla. Cr. 257, 240 Pac. 323; Shields

170

v. State, 32 Okla. Cr. 344, 240 Pac. 661, and Frank Harvey v. State, 51 Okla. Cr. 164, 300 Pac. 434.

No authorities are cited by the defendant in support of his contentions. The defendant was accorded a fair and impartial trial. The evidence is sufficient to sustain the judgment. The case is affirmed.

EDWARDS and CHAPPELL, JJ., concur.