FRANK HARVEY v. STATE.

No. A-7931.    Opinion Filed June 12, 1931.
(300 Pac. 434.)

Brownlee & Blaine, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of intoxicating liquors with intent to sell, barter, give away, and otherwise unlawfully furnish the same, and was sentenced to pay a fine of $50, and be imprisoned in the county jail for 30 days. From the judgment and sentence, the defendant has appealed.

The defendant demurred to the information on the grounds that said information did not state facts sufficient to constitute a criminal offense against the laws of this state; that said information is duplicitous; which demurrer was by the court overruled, and defendant excepted. The information stated facts sufficient to advise the defendant of the charge against him, and was good as against a general demurrer.

Motion to suppress the evidence was filed on the ground that the affidavit did not state facts sufficient to warrant the issuing of a search warrant. An examination of the record discloses that the affidavit on which the search warrant was based is a sufficient affidavit, and complies with the requirements of the law. The motion to suppress was properly overruled.

The testimony on the part of the state shows that the officers found three pints of whisky in the home of the defendant, and some bottles, the contents of which they stated was beer, but as there was no analysis of this beer, the state relied for a conviction on the three pints of whisky they found in the home of the defendant.

The defendant offered no evidence. At the conclusion of the state's testimony the defendant demurred to the testimony and moved the court to peremptorily instruct the jury to return a verdict of not guilty against the defendant, for the reason that the evidence of the state wholly fails to substantiate the allegations in the information; which demurrer and motion was overruled, and the defendant excepted.

The defendant discusses his first, sixth, and seventh assignments together, and urges that the verdict is contrary to the evidence and is not sustained by any competent evidence; that the court erred in not sustaining the demurrer of the defendant at the conclusion of the state's testimony; that the court erred in holding that the evidence of the state was sufficient to show the commission of a public offense. It is urged by the defendant that the testimony does not show that the defendant was in possession of the whisky found by the officers. The testimony of the state shows that when the search was made the mother of the defendant was at the house where the whisky was found, and when the defendant came home he told the officers the house searched was where he lived. No testimony was introduced by the defendant to show that the whisky found by the officers was not found in his home.

The defendant has filed an able brief and discussed at length the questions raised, and the reasons why this judgment should not be affirmed, but the substance of the argument of the defendant is that the testimony is insufficient to show the residence searched was the residence of the defendant, and was insufficient to sustain the judgment. This court has repeatedly held that where there was any evidence on which the jury could reasonably predicate its verdict, though the evidence is contradictory,

this court will not disturb the verdict. Tennison v. State, 32 Okla. Cr. 257, 240 Pac. 323; Shields v. State, 32 Okla. Cr. 344, 240 Pac. 661.

After a careful study of the record, we find there was no fundamental or prejudicial error committed in the trial of the case, and that the evidence is sufficient to sustain the judgment. The case is affirmed.

CHAPPELL and EDWARDS, JJ., concur.